1   ANTHONY B. GORDON (S.B. NO. 108368)
    GORDON & GORDON
2   A Professional Law Corporation
    5550 Topanga Canyon Boulevard, Suite 200
3   Woodland Hills, California  91367-6478
    Telephone:   (818) 887-5155
4   Facsimile:   (818) 887-5154

5   Attorneys for Defendants  BLUE ROCK
    CAPITAL, LTD., ESPRO INVESTMENTS,
6   LTD., and PRASHANTH SHIVNARAYAN

7

8                    **UNITED STATED DISTRICT COURT**

9             **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11  UNITED MEDICAL DEVICES, LLC,          Civil Action No.
    a California limited liability company,
12  UNITED CONVENIENCE SUPPLY             **NOTICE OF REMOVAL OF ACTION**
    LLC, a Delaware Limited Liability     **UNDER 28 U.S.C. §1441(b)**
13  Company,                              **[DIVERSITY]**

14                    Plaintiffs,

15        v.

16  BLUE ROCK CAPITAL, LTD., a
17  Mauritius Limited Liability Company;
    ESPRO INVESTMENTS, LTD., a
18  Mauritius Limited Liability Company;
    PRASANTH SEEVNARYAN, an
19  individual; and DOES 1-50,

20                    Defendants.

21

22        TO THE CLERK OF THE ABOVE-ENTITLED COURT:

23

24        PLEASE TAKE NOTICE that defendants BLUE ROCK CAPITAL, LTD., ESPRO

25  INVESTMENTS, LTD., and PRASHANTH SHIVNARAYAN, incorrectly sued as

26  PRASANTH SEEVNARYAN, hereby removes to this Court the state court action

27  described below.

28

                                NOTICE OF REMOVAL

1. On September 16, 2015, an action was commenced in the Superior Court for the State of California, County of Los Angeles, West District, entitled UNITED MEDICAL DEVICES, LLC, a California limited liability company, UNITED CONVENIENCE SUPPLY LLC, a Delaware Limited Liability Company v. BLUE ROCK CAPITAL, LTD., a Mauritius Limited Liability Company; ESPRO INVESTMENTS, LTD., a Mauritius Limited Liability Company; PRASHANTH SHIVNARAYAN, an individual; and DOES 1-50, as Case Number SC124754.  A copy of the complaint is attached hereto as Exhibit "A."

2. The first date upon which defendants received a copy of the Complaint was shortly after January 21, 2016, when its agent for service was served by regular mail with a copy of the summons issued by the Superior Court of California and the Complaint.  A copy of the summons is attached hereto as Exhibit "B."

3. This action is a civil action in which the amount of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one that may be removed to this Court by defendants  BLUE ROCK CAPITAL, LTD., a Mauritius Limited Liability Company; ESPRO INVESTMENTS, LTD., a Mauritius Limited Liability Company, and PRASHANTH SHIVNARAYAN, a citizen of South Africa, pursuant to the provisions 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, because the Plaintiffs claim  the total sum of $25,000,000 in their complaint as compensatory damages.

4. Complete diversity of citizenship exists in that Plaintiffs UNITED MEDICAL DEVICES, LLC and UNITED CONVENIENCE SUPPLY LLC are citizens of California and Delaware, respectively, defendants BLUE ROCK CAPITAL, LTD. and ESPRO INVESTMENTS, LTD., are citizens of Mauritius, and PRASHANTH SHIVNARAYAN is a citizen of South Africa.

///

///

2

1

2

3

4   Dated:  February 24, 2016

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GORDON & GORDON
A Professional Law Corporation


By: _____
ANTHONY B. GORDON
Attorney for BLUE ROCK CAPITAL,
LTD., ESPRO INVESTMENTS, LTD.,
and PRASHANTH SHIVNARAYAN

3

# EXHIBIT "A"

CASE MANAGEMENT CONFERENCE

M.Thell L. Beckloff

Date MAN 0 5 2016

8:30

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 16 2016

Sherri R. Carter, Executive Officer/Clerk
By: Christopher Ruiz, Deputy

1 | Michael J. Perry, Esq. (State Bar No. 123214)
mjp@michaeljperrylaw.com
2 | A Professional Law Corporation
4640 Admiralty Way, Suite 500
3 | Marina del Rey, CA 90292
Telephone: 310.496.5710
4 | Fax: 310.306.3456

5 | Attorneys for Plaintiffs
UNITED MEDICAL DEVICES, LLC and
6 | UNITED CONVENIENCE SUPPLY LLC

7

8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              COUNTY OF LOS ANGELES, WEST DISTRICT

11                                                    Dept. M

12 | UNITED MEDICAL DEVICES, LLC, a      Case No.   SC124754
California limited liability company,
13 | UNITED CONVENIENCE SUPPLY LLC,    COMPLAINT FOR:
a Delaware Limited Liability Company
14                                     1. BREACH OF WRITTEN CONTRACT
          Plaintiff,                   2. BREACH OF WRITTEN CONTRACT
15
          vs.
16
BLUE ROCK CAPITAL, LTD., a Mauritius
17 | Limited Company; ESPRO
INVESTMENTS, LTD., a Mauritius
18 | Limited Company; PRASANTH
SEEVNARYAN, an individual; and DOES
19 | 1-50, inclusive,

20          Defendants.

21

22

23        Plaintiffs United Medical Devices, LLC ("UMD") and United Convenience Supply

24 | LLC ("UCS") (collectively, "Plaintiffs") allege:

25                        IDENTIFICATION OF PARTIES

26        1.    UMD is a limited liability company, duly organized and existing under the

27 | laws of California, with its principal place of business in Los Angeles, California.

28        2.  ·  UCS is a limited liability company, duly organized and existing under the

                                  COMPLAINT

1   laws of Delaware, qualified to do business in California, with its principal place of
2   business in Los Angeles, California.

3       3.    Plaintiffs are informed and believe and thereon alleges that Defendant
4   BLUE ROCK CAPITAL, LTD. ("Defendant Blue Rock"), purports to be a Mauritius Limited
5   Company, with its principal place of business in the country of Mauritius.

6       4.    Plaintiffs are informed and believe and thereon alleges that Defendant
7   ESPRO INVESTMENTS, LTD. (Defendant "ESPRO"), purports to be a Mauritius Limited
8   Company, with its principal place of business in the country of Mauritius.

9       5.    Plaintiffs are informed and believe and thereon alleges that Defendant
10  Prasanth Seevnaryan ("Defendant Seevnaryan) is an individual residing in Mauritius.

11      6.    The true names and capacities, whether individual, corporate, associate or
12  otherwise of defendant DOES 1 through 50, inclusive, are unknown to UMD, which
13  therefore sues said defendants by such fictitious names.  Plaintiffs are informed and
14  believe and thereon allege that each of the defendants designated herein as a fictitiously
15  named defendant is in some manner legally responsible for the events and happenings
16  referred to herein.

17      7.    Plaintiffs are informed and believe and thereon allege that each of the
18  defendants was, at all times pertinent hereto, the agent, servant, employee, joint venturer
19  and/or partner of each of the other defendants and, in doing the things alleged
20  hereinafter, each defendant was acting within the scope of authority conferred upon that
21  defendant by the consent, approval and/or ratification of the other defendants.

22      8.    Plaintiffs are informed and believe and thereon allege that Defendant
23  Seevnaryan and Does 1 through 5 dominate and control the business and affairs of
24  Defendants Blue Rock and/or ESPRO and they use their limited company forms for their
25  own personal benefit and to avoid creditors and personal liability for their own wrongdoings.

26      9.    Plaintiffs are informed and believe and thereon allege that Defendants Blue
27  Rock and ESPRO are not adequately capitalized for the business they conduct and it would
28  sanction a fraud and promote injustice to recognize the legal separateness of Defendants

Seevnaryan and Does 1 through 5 on the one hand and Defendants Blue Rock and/or ESPRO on the other, respecting the matters alleged in this Complaint.

10.     Plaintiffs are further informed and believe and thereon allege that Defendants Seevnaryan and Does 1 through 5 use the purported limited company funds and assets of Defendants Blue Rock and ESPRO as their own and they commingle the assets of Defendants Blue Rock and ESPRO with each other and the individual defendants.

Plaintiffs are further informed and believes and thereon allege that Defendants Seevnaryan and Does 1 through 5 commingle the funds, assets, distributors, and employees of Defendants Blue Rock and ESPRO with each other.

12.     Plaintiffs are informed and believe and thereon allege that Defendants are the alter egos of each other and/or are liable to Plaintiffs under the single enterprise doctrine. The companies are participating in a common business venture.  The companies sell the same products.  The companies have common owners and employees.  The companies share business locations, telephone numbers, a website and email systems.   Each company is merely the instrumentality, agency, conduit or adjunct of the others.  There is such a unity of interest and ownership between the defendant companies and their individual defendants that their separate personalities have ceased to exist.  Further, Plaintiffs are informed and believe and thereon allege that, if the acts of any one of the companies are treated as those of that company alone, an inequitable result will follow.

## GENERAL ALLEGATIONS

13.     UMD acquired from third party Playboy Enterprises International, Inc. ("Playboy Enterprises") an exclusive, worldwide license to manufacture, market and sell condoms ("Playboy Condoms") and other personal non-medical lubricants ("Playboy Lubricants")  under the Playboy trademark.  The license authorizes UMD to utilize third-party distributors.

14.    UCS acquired from third party Playboy Enterprises International, Inc. ("Playboy Enterprises") an exclusive, worldwide license to manufacture, market and sell Smoke-free and tobacco-free electronic cigarettes, cigars, and other vapor products ("Playboy Vapors") under the Playboy trademark.  The license authorizes UCS to utilize third-party distributors.

15.    On or about April 1, 2014, Plaintiffs on the one hand and Defendants on the other signed a written ten year distribution agreement for the distribution and sale of Playboy Condoms and Playboy Lubricants from UMD and Playboy Vapors from UCS in many countries in the continent of Africa ("Africa") and India, Bangladesh, Nepal, and Sri Lanka ("India") ("Distribution Agreement") in return for royalty payments and other fees.

16.    The Distribution Agreement contains the representations, conditions, and promises by Defendants that they will, among other things:

- have minimum net sales of  US$500,000 of Playboy Condoms in India per year;
- purchase a minimum of US$1,000,000 of Playboy Vapor from UCS for India per year;
- purchase a minimum of US$1,200,000 of Playboy Vapor for Africa per year; and
- purchase a minimum of 2 containers of Playboy Lubricants for Africa per year.

17.    Defendants breached the Distribution Agreement by failing to satisfy the conditions set forth in Paragraph 16 of this Complaint.

18.    On September 11, 2015, Plaintiffs provided written notice to Defendants of the breaches of contract referenced in paragraph 16 above and that the Distribution Agreement will be terminated on September 21, 2015.

## FIRST CAUSE OF ACTION

### Breach of Written Contract by UMD Against All Defendants

19.    Plaintiffs realleges and incorporates paragraphs 1 through 18 inclusive of

1  this Complaint.

2      20.    UMD and Defendants entered into the Distribution Agreement.

3      21.    UMD did all, or substantially all, of the significant things that the Distribution

4  Agreement required them to do, or Plaintiffs were excused from doing those things by

5  Defendants material breaches as described in paragraph 16 above.

6      22.    All conditions required by the Distribution Agreement for Defendants

7  performance had occurred.

8      23.    Defendants breached the Distribution Agreement as set forth in paragraph

9  16 above.

10     24.    As a direct and proximate result of Defendants acts, as hereinabove

11  alleged, Plaintiffs have been damaged generally and consequentially in a sum of no less

12  than $5,000,000 according to proof at trial.

13

14                    SECOND CAUSE OF ACTION

15        Breach of Written Contract by UCS Against All Defendants

16     25.    Plaintiffs realleges and incorporates paragraphs 1 through 24 inclusive of

17  this Complaint.

18     26.    UCS and Defendants entered into the Distribution Agreement.

19     27.    UCS did all, or substantially all, of the significant things that the Distribution

20  Agreement required them to do, or Plaintiffs were excused from doing those things by

21  Defendants material breaches as described in paragraph 16 above.

22     28.    All conditions required by the Distribution Agreement for Defendants

23  performance had occurred.

24     29.    Defendants breached the Distribution Agreement as set forth in paragraph

25  16 above.

26     30.    As a direct and proximate result of Defendants acts, as hereinabove

27  alleged, UCS has been damaged generally and consequentially in a sum of no less than

28  $20,000,000, according to proof at trial.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.      For a preliminary and permanent injunction prohibiting Defendants and their directors, officers, agents, servants, employees and all other persons who acted in concert or privity with them from directly or indirectly sourcing, marketing and/or selling Playboy Condoms, Lubricants, and Vapors;

2.      For compensatory damages of no less than $5,000,000 for UMD, according to proof;

3.      For compensatory damages of no less than $20,0000,000 for UCS according to proof;

4.      For an award of attorneys' fees;

5.      For the costs of suit incurred herein; and

6.      For such other and further relief as the Court may deem just and proper.

Dated:  September 15, 2015

MICHAEL J. PERRY, A PROFESSIONAL LAW
CORPORATION
Michael J. Perry

By
Michael J. Perry
Attorneys for Plaintiff
UNITED MEDICAL DEVICES, LLC
UNITED CONVENIECE SUPPLY, LLC

EXHIBIT "B"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BLUE ROCK CAPITAL, LTD., a Mauritius Limited Company; ESPERO
INVESTMENTS, LTD.,a Mauritius Limited Company; PRASANTH SEEVNARYAN,
an individual; and DOES 1-50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
UNITED MEDICAL DEVICES, LLC, a California limited liability company,
UNITED CONVENIENCE SUPPLY COMPANY, a Delaware Limited Liability
Company



**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*
CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 16 2015

Sherri R. Carter, Executive Officer/Clerk
By: Christopher Ruiz, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* LOS ANGELES SUPERIOR COURT
1725 Main Street
Santa Monica, California 90401

CASE NUMBER:
*(Número del Caso):* SC124754

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael J. Perry, 4640 Admiralty Way, Suite 500, Marina del Rey, CA 90292 (310) 496-5710

DATE: SEP 16 2015        Sherri R. Carter, Clerk, by _____ , Deputy
*(Fecha)*                *(Secretario)*                                            *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Sherri R. Carter, Clerk

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I am employed in the County of Los Angeles, State of California.  I am over the age of 18
and not a party to the within action.  My business address is 5550 Topanga Canyon
Boulevard, Suite 200, Woodland Hills, California  91367-6478.

4

5

6

On February 24, 2016, I served the foregoing documents described as:

7

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b)
[DIVERSITY];**

8

**CIVIL COVER SHEET**

9

10

on the interested parties in this action by placing a true copy thereof enclosed in a sealed
envelope addressed as follows:

11

12

Michael J. Perry, Esq.
4640 Admiralty Way, Suite 500
Marina del Rey, CA 90292

13

14

Peter W. Ross
Brown George Ross LLP
2121 Avenue of the Stars, Suite 2400
Los Angeles, CA 90067

15

16

17

I am "readily familiar" with the firm's practice of collection and processing
correspondence for mailing.  Under that practice, it would be deposited with the U.S.
Postal Service on that same day with postage thereon fully prepaid at Woodland Hills,
California, in the ordinary course of business.  I am aware that on motion of the party
served, service is presumed invalid if postal cancellation date or postage meter date is
more than one day after date of deposit for mailing in affidavit.

18

19

20

Executed on February 24, 2016, at Woodland Hills, California

21

I declare under penalty of perjury under the laws of the United States of America
that the foregoing is true and correct, and that I am employed in the office of a member of
the bar of this Court at whose direction the service was made.

22

23

24

25

_____

26

Linda Gordon

27

28

4