```
 1  ANTHONY B. GORDON (S.B. NO. 108368)
    GORDON & GORDON
 2  A Professional Law Corporation
    5550 Topanga Canyon Boulevard, Suite 200
 3  Woodland Hills, California  91367-6478
    Telephone:    (818) 887-5155
 4  Facsimile:    (818) 887-5154

 5  Attorneys for Defendants BLUE ROCK
    CAPITAL, LTD., ESPRO INVESTMENTS,
 6  LTD. and PRASANTH SEEVNARAYAN

 7
```

# UNITED STATED DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED MEDICAL DEVICES, LLC, a California limited liability company, UNITED CONVENIENCE SUPPLY LLC, a Delaware Limited Liability Company,<br><br>         Plaintiffs,<br><br>     v.<br><br>BLUE ROCK CAPITAL, LTD., a Mauritius Limited Liability Company; ESPRO INVESTMENTS, LTD., a Mauritius Limited Liability Company; PRASANTH SEEVNARYAN, an individual; and DOES 1-50,<br><br>         Defendants. | Civil Action No. 2:16-cv-01255-PSG-SSx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF PRASANTH SEEVNARAYAN AND CANDICE SCHULTZ IN SUPPORT OF MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>[NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION FILED CONCURRENTLY HEREWITH]<br><br>Date: April 18, 2016<br>Time: 1:30 p.m.<br>Ctrm: 880<br>Roybal Federal Building<br><br>Judge: Hon. Philip S. Gutierrez |

# TABLE OF CONTENTS

Page No.

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I. PRELIMINARY STATEMENT ................................................................. 1

II MOTION TO QUASH SERVICE OF THE SUMMONS AND COMPLAINT ................................................................. 1

    A. THE PURPORTED SERVICE ON DEFENDANT SEEVNARAYAN IS DEFECTIVE ................................................................. 2

    B. APPLICABLE LAW ON SERVICE OF PROCESS ................................................................. 2

III MOTION TO DISMISS BASED ON COURT'S LACK OF PERSONAL JURISDICTION ................................................................. 4

    A. THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT SEEVNARAYAN ................................................................. 4

    B. DEFENDANT PRASANTH SEEVNARAYAN IS NOT A PARTY TO THE DISTRIBUTION AGREEMENT REFERRED TO IN THE COMPLAINT ................................................................. 6

    C. THE COMPLAINT FAILS TO ALLEGE ANY FACTS SUPPORTING THE EXERCISE OF EITHER TYPE OF JURISDICTION OVER DEFENDANT SEEVNARAYAN ................................................................. 7

    D. THE COMPLAINT DISINGENUOUSLY ATTEMPTS TO PLEAD AN ALTER EGO THEORY BASED ON CONTRACTUAL CAUSES OF ACTION ................................................................. 7

    E. PRASANTH SEEVNARAYAN HAS NOT PURPOSEFULLY DIRECTED ANY ACTIVITIES AT CALIFORNIA SO AS TO WARRANT THE IMPOSITION OF SPECIFIC JURISDICTION OVER HIM AND SUCH AN IMPOSITION WILL BE FUNDAMENTALLY UNFAIR ................................................................. 9

IV. CONCLUSION ................................................................. 10

i

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION

# TABLE OF AUTHORITIES

Page No.

**FEDERAL CASES**

*Burger King Corp. v. Rudzewicz,*
471 U.S. 462 (1985) ..................................................................................6, 5

*Calvert v. Huckins,*
875 F. Supp. 674 (E.D. Cal. 1995) .....................................................................8

*Data Disc, Inc. v. Sys. Tech. Assoc., Inc.,*
557 F.2d 1280 (9th Cir. 1977) ...........................................................................5

*Helicopteros Nacionales de Colombia v. Hall,*
466 U.S. 408, 414 (1984) ..............................................................................4, 5

*Hirsch v. Blue Cross, Blue Shield of Kansas City,*
800 F.2d 1474 (8th Cir. 1986) ...........................................................................4

*International Shoe Co. v. Washington,*
326 U.S. 310 (1945) .........................................................................................4

*Mid-Continent Wood Products, Inc. v. Harris,*
936 F.2d 297 (7th Cir. 1991) .............................................................................3

*National Precast Crypt Co. v. Dy-Core of Pennsylvania, Inc.,*
785 F.Supp. 1186 (W.D. Pa. 1992) ...................................................................8

*Pavlovich v. Superior Court,*
(2002) 29 Cal.4th 262 .......................................................................................9

*Schwarzenegger v. Fred Martin Motor Co.,*
374 F.3d 797 (9th Cir. 2004) .........................................................................5, 9

*Volkswagenwerk Aktiengersellschaft v. Schlunk,*
486 U.S. 694 (1988) .........................................................................................2

*Way v. Mueller Brass Company,*
840 F.2d 303, (5th Cir. 1988) ............................................................................3

*World-Wide Volkswagen Corp., v. Woodson,*
444 U.S. 286 (1980) .......................................................................................10

*Ziegler v. Indian River Cnty.,*
64 F.3d 470 (9th Cir. 1995) ...............................................................................5

ii

# TABLE OF AUTHORITIES

Page No.

**STATE CASES**

*Cornelison v. Charney,*
(1976) 16 Cal.3d 143..................................................................................4, 5

*Magnecomp Corp. v. Athene Co.,*
(1989) 209 Cal.App. 3d 526.............................................................................5

*Sonora Diamond Corp. v. Superior Court,*
(2000) 83 Cal.App. 4th 523..............................................................................8

**FEDERAL STATUTES**

Fed. Rule Civ. Proc., Rule 4(f) ................................................................. 1, 2
Fed. Rule Civ. Proc., Rule 12(b) 2 ...................................................................5

**SOUTH AFRICAN UNIFORM RULES OF COURT**

Rule 4(11) ........................................................................................................3
Rule 4(12) ........................................................................................................3

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PRELIMINARY STATEMENT

On September 16, 2015, plaintiffs UNITED MEDICAL DEVICES, LLC ("UMD" and UNITED CONVENIENCE SUPPLY LLC ("UCS") filed suit against defendants BLUE ROCK CAPITAL, LTD. ("BLUE ROCK") and ESPRO INVESTMENTS, LTD. ("ESPRO"), both Mauritius limited liability corporations, and PRASANTH SEEVNARAYAN ("SEEVNARAYAN"), a South African resident, in the Superior Court of California, Los Angeles County, Santa Monica Courthouse. The complaint alleges two separate causes of action against defendants for breach of a written Distributorship Agreement under which BLUE ROCK and ESPRO had acquired the exclusive rights from Plaintiffs UMD and UCS to distributor Playboy products in Africa and India, for which Plaintiffs held the licensing rights.

On February 24, 2016, defendants removed the California Superior Court action to this Honorable Court based on diversity of citizenship.

The plaintiffs have studiously avoided attaching a copy of the Distribution Agreement to the complaint because SEEVNARAYAN is not a party to the Distribution Agreement, which he signed in his representative capacity as an officer of BLUE ROCK and ESPRO. (See SEEVNARYAN Declaration at ¶ 8.)

By this motion, defendant SEEVNARAYAN seeks the following relief: (1) an Order that the purported service of the summons and complaint be quashed on the ground that such service does not comply with Rule 4(f) of the Federal Rules of Civil Procedure and the Hague Convention to which both the United States and the Republic of South Africa are signatories, and (2) an Order that the action against him be dismissed for lack of personal jurisdiction.

///

///

1

## II.

## MOTION TO QUASH SERVICE OF THE SUMMONS AND COMPLAINT

### A. THE PURPORTED SERVICE ON DEFENDANT SEEVNARAYAN IS DEFECTIVE

No proof of service of the purported service of the summons and complaint on SEEVNARAYAN has been filed, and for the reasons set forth below, any purported service of process on SEEVNARAYAN is defective.

### B. APPLICABLE LAW ON SERVICE OF PROCESS

The United States is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, which governs the service of summons on persons in foreign countries. (See Request for Judicial Notice filed concurrently herewith.) State and federal service rules for service in those countries are pre-empted: "By virtue of the Supremacy Clause, United States Constitution, Article VI, the Convention pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies." See *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 699 (1988). The Supreme Court pointed out that "the term 'service of process' has a well-established technical meaning. Service of process refers to a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action." *Id.*, at p. 700.

In order to effectively serve an individual in a foreign country such as South Africa, the Plaintiffs are required to comply with Rule 4(f)(1) of the Federal Rules of Civil Procedure, which provides the following in relevant part:

"**(f) Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual, other than a minor, an incompetent person, or a person whose waiver has been filed – may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial

2

Documents;"

As appears from the supporting Declaration of Candice Schultz, an attorney of the High Court of South Africa, the requirements for serving legal process issued by a court outside South Africa on a South African resident in South Africa, are set forth in Rule 4 of the Uniform Rules of Court, a copy of which is attached to her declaration as Exhibit "1."

Rule 4(11) provides:

"Whenever the request for the service on a person in the Republic of any civil process or citation is received from a State, territory or court outside the Republic and is transmitted to the registrar of a provincial or local division in terms of subsection (2) of section thirty-three of the Act, the registrar shall transmit to the sheriff or a sheriff or any person appointed by a judge of the division concerned for service of such process or citation - (a) two copies of the process or citation to be served." And,

Rule 4(12) provides:

"Service shall be effected by delivering to the person to be served one copy of the process or citation to be served and one copy of the translation (if any) thereof in accordance with the provisions of this rule."

Also attached to Ms. Schultz's declaration as Exhibit "2" is a copy of a pro forma "Certificate of Service of Foreign Process," which is required to be filed with the Registrar or Clerk of the Regional/District Magistrate's Court when effecting service of foreign process in South Africa. (See Schultz Declaration, ¶ 3.) As Plaintiffs have failed to provide any proof that these requirements have been complied with, the service of the summons and complaint is defective.

Even if a defendant received actual notice of the litigation, it would not cure defective service. There is no substantial compliance exception when it comes to service of process under Rule 4 of the Federal Rules of Federal Procedure. In *Mid-Continent Wood Products, Inc. v. Harris* 936 F.2d 297 (7th Cir. 1991), the Court held that it has long been recognized "that valid service of process is necessary in order to assert personal jurisdiction over a defendant," and that " it is well recognized that a 'defendant's actual notice of the litigation … is insufficient to satisfy Rule 4's requirements.' *Way v. Mueller Brass Company*, 840 F.2d 303, (5th Cir. 1988)." *Id.* at 300 and 301.

3

Accordingly, any attempted service of the summons and complaint that does not comply with Rule 4 of the Federal Rules of Procedure should be quashed.

### III.

### MOTION TO DISMISS BASED ON COURT'S LACK OF PERSONAL JURISDICTION

#### A. THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT SEEVNARAYAN

The complaint alleges that defendant SEEVNARAYAN is an individual residing in Mauritius. As appears from his supporting declaration, he is a resident and citizen of South Africa, and the CEO of the two Mauritius corporate defendants BLUE ROCK and ESPRO, who had acquired the rights from UMD and UCS to sell and distribute Playboy licensed products in India and Africa.

California courts may exercise jurisdiction over non-resident defendants pursuant to California's "long-arm statute only when it is consistent with the United States and California constitutions. See Civ. Proc. Code § 410.10. This means that a non-resident defendant may only be subject to a state's jurisdiction if that defendant has such 'minimum contacts with that state so that the assertion of jurisdiction does not offend traditional notions of fair play and substantial justice." See *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A defendant shall not be "haled into a jurisdiction solely as the result of 'random,' 'fortuitous,' or 'attenuated' contacts.: See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 465 (1985) ("*Burger King*"). Thus in evaluating whether jurisdiction is proper, the court must focus on the defendant's activities and expectations alone in deciding whether to call it before a California court; the unilateral actions or activities of third parties are irrelevant. See *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984) ("*Helicopteros Nacionales*").

There are two types of personal jurisdiction to which a non-resident defendant may be subjected: general or specific. See *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1477 (8th Cir. 1986); and see *Cornelison v. Charney* (1976) 16 Cal.3d 143, 147-148 .

4

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION

General jurisdiction exists when a defendant is domiciled in the forum state or his activities there are substantial, continuous and systematic. See *Helicopteros Nacionale.* at 417.

Specific jurisdiction, however, arises where a defendant's contacts are not so extensive as to justify the exercise of general jurisdiction, but they nonetheless: (1) constitute a purposeful availment of the privilege of conducting activities in the forum; (2) the cause of action arises out of those activities; and (3) the exercise of jurisdiction is otherwise reasonable. *Burger King,* 471 U.S. at 472.

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the court may decide the issue of personal jurisdiction on the basis of affidavits and documentary evidence submitted by the parties, or hold an evidentiary hearing regarding the matter. *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). Whatever procedure is used, Plaintiff bears the burden of proving the facts that warrant the exercise of either type of jurisdiction by a preponderance of the evidence. See *Magnecomp Corp. v. Athene Co.*, (1989) 209 Cal.App.3d 526, 533; *Ziegler v. Indian River Cnty,* 64 F.3d 470, 473 (9th Cir. 1995).

Here, Plaintiffs have failed to meet their burden of pleading sufficient contacts between defendant SEEVNARYAN and California to justify this Court exercising either general or specific jurisdiction over him. To find general jurisdiction "is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004); See *Cornelison v. Charney* (1976) 16 Cal.3d 143 at 147 (finding no general jurisdiction, notwithstanding that defendant made 20 trips per year for seven years into California.)

In the instant case, SEEVNARYAN has no contact with the State of California. He does not own any property in this state, and has visited California only on a few occasions specifically related to the business relationship between UMC and UCS on the one hand, and BLUE ROCK and ESPRO on the other hand. (See SEEVNARYAN Declaration, ¶¶ 4

5

through 6,)

### B. DEFENDANT PRASANTH SEEVNARAYAN IS NOT A PARTY TO THE DISTRIBUTION AGREEMENT REFERRED TO IN THE COMPLAINT

Remarkably, the Distribution Agreement upon which Plaintiffs base their claim is not attached to the complaint, which goes no further than alleging that "Defendants breached the Distribution Agreements," without identifying which of the defendants breached the Distribution Agreement. (See Complaint, ¶¶ 17 and 29.)

The complaint does not allege that defendant SEEVNARAYAN was a party to the Distribution Agreement. As appears from the SEEVNARAYAN Declaration, he signed the Distribution in his representative capacity for and behalf of BLUE ROCK and ESPRO, respectively. (See SEEVNARAYAN Declaration, ¶¶ 8-11.) This does not mean that he voluntarily subjected himself to the jurisdiction of a California court. Furthermore, based on the allegations in the complaint, the contractual obligations of BLUE ROCK and ESPRO were to be carried out expressly in countries other than the United States. The complaint alleges that "Defendants breached the Distribution Agreement by failing to satisfy the conditions set forth in Paragraph 16 of this Complaint," which provides:

"The Distribution Agreement contains the representations, conditions, and promises by Defendants that they will, among other things:
- Have minimum net sales of US $500,000 of Playboy Condoms in <u>India</u> per year;
- Purchase a minimum of US $1,000,000 of Playboy Vapor from UCS for <u>India</u> per year;
- Purchase a minimum of US $1,200,000 of Playboy Vapor from UCS for <u>Africa</u> per year;
- Purchase a minimum of 2 containers of Playboy Lubricants for <u>Africa</u> per year."

(See Complaint, ¶ 16.)

Despite the fact that SEEVNARAYAN is not a party to the Distribution Agreement, Plaintiffs seek to embroil him in this litigation by dragging him all the way

6

from South Africa into a California court on a defectively pleaded alter ego liability claim based on alleged breach of contract claims. The complaint also does not allege any facts that show that the Distribution Agreement required BLUE ROCK, ESPRO or even SEEVNARAYAN to perform any act or acts in California, or to direct any activities towards California.

### C. THE COMPLAINT FAILS TO ALLEGE ANY FACTS SUPPORTING THE EXERCISE OF EITHER TYPE OF JURISDICTION OVER DEFENDANT SEEVNARAYAN

The complaint fails to allege any facts that even remotely suggest that SEEVNARYAN has sufficient minimum contacts with California for this Court to exercise either general or specific jurisdiction over him, least of all that SEEVNARAYN signed the Distribution Agreement in California. As appears from the SEEVNARYAN Declaration, he signed the Distribution Agreement on behalf of BLUE ROCK and ESPRO in Durban, South Africa. (See SEEVNARYAN Declaration, ¶ 11.) Furthermore, the complaint fails to provide any information that shows a connection between SEEVNARYAN and California.

### D. THE COMPLAINT DISINGENUOUSLY ATTEMPTS TO PLEAD AN ALTER EGO THEORY BASED ON CONTRACTUAL CAUSES OF ACTION

Without alleging fraud or wrongdoing, the complaint attempts to plead an alter ego theory based on a breach of contract action in conclusory terms unsupported by facts. (See Complaint, ¶¶ 3, 4, 6, and 8 to 12.)

In particular, ¶ 12 of the complaint alleges:

"Defendants are the alter egos of each other and/or are liable to Plaintiffs under the single enterprise doctrine. The companies are participating in a common business venture. The companies sell the same products. The companies have common owners and employees. The companies share business locations, telephone numbers, a website and email systems. Each company is merely the instrumentality, agency, conduit or adjunct of the others. There is such a unity of

7

<u>interest and ownership between the defendant companies and their individual defendants that their separate personalities have ceased to exist. Further Plaintiffs are informed and believe and thereon allege that, if the acts of any one of the companies are treated as those of that company alone, an inequitable result will follow.</u> [Emphasis added]"

The above allegation does not meet the pleading requirements for alter ego liability. As stated in *Sonora Diamond Corp. v. Superior Court* (2000) 83 Cal.App.4th 523, 539, "alter ego is an extreme remedy sparingly used." In *Calvert v. Huckins*, 875 F. Supp. 674 (E.D. Cal. 1995), the court stated that two elements must be present in order to find that one entity is the alter ego of another. "First, the parent must control 'the subsidiary to such a degree as to render the latter the mere instrumentality of the former.' (Citation omitted.) Second, because piercing the corporate veil is a remedy founded on principles of equity, there must be enough evidence to support a finding that failure to look past the corporate entity would <u>sanction a fraud or promote injustice</u>."[1]/ *Id.* at 678. "The fact that one shareholder controls a closely held corporation is not enough to support piercing the corporate veil." *National Precast Crypt Co. v. Dy-Core of Pennsylvania, Inc.* 785 F.Supp. 1186, 1192 (W.D.Pa. 1992).

"Underlying both these factors is a general presumption in favor of respecting the corporate entity. Disregarding the corporate entity is recognized as an extreme remedy, and '[c]ourts will pierce the corporate veil only in exceptional circumstances.' [Citation omitted.] Reflecting this reluctance, courts hold plaintiffs who invoke the alter ego theory of personal jurisdiction to a slightly higher burden: 'There is a presumption of corporate separateness that must be overcome by clear evidence that the parent in fact controls the activities of the subsidiary. [Citations omitted.]" See *Calvert v. Huckins*, 875 F.Supp. at 678. The fact that one entity has ownership interests in another, and that companies have interlocking directors and officers is insufficient to establish alter ego. "Courts have

---

[1]/   The same principle applies equally to a shareholder.

8

1 | repeatedly held that such factors do not justify piercing the corporate veil." *Id.* at 679.

### E. PRASANTH SEEVNARAYAN HAS NOT PURPOSEFULLY DIRECTED ANY ACTIVITIES AT CALIFORNIA SO AS TO WARRANT THE IMPOSITION OF SPECIFIC JURISDICTION OVER HIM AND SUCH AN IMPOSITION WILL BE FUNDAMENTALLY UNFAIR

Plaintiffs are unable to allege any facts that connect defendant SEEVNARYAN to California, and would support this Court's exercise of specific jurisdiction over him. A court may exercise specific jurisdiction over a non-resident defendant *only* if it has been established that: (1) the defendant has purposefully directed his activities at the forum state; (2) the controversy is related to or arises out of the defendant's contacts with the forum; and (3) the assertion of personal jurisdiction would comport with fair play and substantial justice. *Pavlovich v. Superior Court* (2002) 29 Cal.4th 262, 269. Plaintiffs bear the burden of proving the first two elements by a preponderance of the evidence, and, if proven, the burden shifts to the defendant to shows that jurisdiction would not comport with fair play and substantial justice. *Schwarzenegger,* 374 F.3d at 802.

Here, Plaintiffs have failed to meet their initial burden of proving the first two elements by a preponderance of the evidence because they have not alleged any facts that establish that defendant SEEVNARYAN had purposefully directed his activities at the forum state. Nor have Plaintiffs alleged any facts that establish that this controversy is related to or arises out of defendant SEEVNARYAN's contacts with the forum state. The complaint is based on the alleged breaches of a written Distribution Agreement entered into between the plaintiff entities UMC and UCS and the defendant entities BLUE ROCK and ESPRO, arising out of their alleged failure to (1) achieve minimum net sales of Playboy product of $5000,000, in India per year; (2) purchase a minimum of $1,000,000 of Playboy products for India per year; (3) purchase a minimum of $1,200,000 of Playboy Vapor for Africa per year; and (4) purchase a minimum of two containers of Playboy products for Africa per year. (See Complaint, ¶ 16.) Significantly, as the Distribution Agreement required BLUE ROCK and ESPRO to perform outside California, specifically in India and Africa, none of defendant SEEVNARYAN's activities were directed towards

9

California.

Furthermore, the exercise of jurisdiction would still be inappropriate because it is not reasonable and does not comport with "traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp., v. Woodson*, 444 U.S. 286 (1980). Given that SEEVNARYAN is not a citizen of California, has not conducted any business in California, and has not directed any activity or activities towards California, he would be greatly burdened and inconvenienced, including being forced to incur substantial legal fees and costs to defend himself against the spurious claims brought against him in in his personal capacity in a California court.

## IV.
## CONCLUSION

Accordingly, for these reasons, the Court is respectfully requested to quash Plaintiffs' attempted service of the summons and complaint on defendant SEEVNARYAN, and to dismiss the Plaintiffs' action against him based on the Court's lack of personal jurisdiction.

GORDON & GORDON
A Professional Law Corporation

Dated: February 28, 2016

By: /s/ Anthony B. Gordon
ANTHONY B. GORDON
Attorney for PRASANTH
SEEVNARAYAN

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 5550 Topanga Canyon Boulevard, Suite 200, Woodland Hills, California 91367-6478.

On February 29, 2016, I served the foregoing documents described as:

**MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF PRASANTH SEEVNARAYAN AND CANDICE SCHULTZ IN SUPPORT OF MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**[NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION FILED CONCURRENTLY HEREWITH]**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Michael J. Perry, Esq.
4640 Admiralty Way, Suite 500
Marina del Rey, California 90292

Peter W. Ross
Brown George Ross LLP
2121 Avenue of the Stars, Suite 2400
Los Angeles, CA 90067

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Woodland Hills, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on February 29, 2016, at Woodland Hills, California

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
Linda Gordon

11