```
ANTHONY B. GORDON (S.B. NO. 108368)
GORDON & GORDON
A Professional Law Corporation
5550 Topanga Canyon Boulevard, Suite 200
Woodland Hills, California  91367-6478
Telephone:   (818) 887-5155
Facsimile:   (818) 887-5154

Attorneys for Defendants  BLUE ROCK
CAPITAL, LTD., ESPRO INVESTMENTS,
LTD., and PRASANTH SEEVNARAYAN
```

# UNITED STATED DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED MEDICAL DEVICES, LLC, a California limited liability company, UNITED CONVENIENCE SUPPLY LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE ROCK CAPITAL, LTD., a Mauritius Limited Liability Company; ESPRO INVESTMENTS, LTD., a Mauritius Limited Liability Company; PRASANTH SEEVNARYAN, an individual; and DOES 1-50,<br><br>Defendants. | Civil Action No. 2:16-cv-01255-PSG-SSx<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE, RULE 12 (b)(6)**<br><br>[MEMORANDUM OF POINTS & AUTHORITES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) FILED CONCURRENTLY HEREWITH]<br><br>Date:  April 18, 2016<br>Time:  1:30 p.m.<br>Ctrm:  880<br>Roybal Federal Building<br><br>Judge:  Hon. Philip S. Gutierrez |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 18, 2016, at 1:30 p.m., in Courtroom 880, Edward R. Roybal Federal Building, 255 East Temple Street, Los Angeles, CA 90012-3332, defendants BLUE ROCK CAPITAL, LTD., and ESPRO INVESTMENTS, LTD., will move this Court for an order dismissing Plaintiffs' complaint pursuant to Rule

1

12(b)(6) of the Federal Rules of Civil Procedure on the ground that it does not comply with the provisions of Federal Rule of Civil Procedure 12(b)(6) in that it fails to state a claim upon which relief may be granted as each purported claim lack essential elements constituting a viable claim.

    This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, and upon such other and further oral or documentary evidence as may be presented at the hearing.

    This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on February 25, 2016.

GORDON & GORDON
A Professional Law Corporation.

Dated: February 28, 2016

By: _____
ANTHONY B. GORDON
Attorney for BLUE ROCK CAPITAL, LTD., ESPRO INVESTMENTS, LTD., and PRASANTH SEEVNARAYAN

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE, RULE 12 (b)(6)

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 5550 Topanga Canyon Boulevard, Suite 200, Woodland Hills, California 91367-6478.

On February 29, 2016, I served the foregoing documents described as:

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE, RULE 12 (b)(6)**

**[MEMORANDUM OF POINTS & AUTHORITES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) FILED CONCURRENTLY HEREWITH]**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Michael J. Perry, Esq.
4640 Admiralty Way, Suite 500
Marina del Rey, California 90292

Peter W. Ross
Brown George Ross LLP
2121 Avenue of the Stars, Suite 2400
Los Angeles, CA 90067

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Woodland Hills, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on February 29, 2016, at Woodland Hills, California

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

*/s/ L. Gordon*

Linda Gordon

ANTHONY B. GORDON (S.B. NO. 108368)
GORDON & GORDON
A Professional Law Corporation
5550 Topanga Canyon Boulevard, Suite 200
Woodland Hills, California 91367-6478
Telephone:   (818) 887-5155
Facsimile:    (818) 887-5154

Attorneys for Defendants BLUE ROCK CAPITAL, LTD., ESPRO INVESTMENTS, LTD., and PRASANTH SEEVNARAYAN

# UNITED STATED DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED MEDICAL DEVICES, LLC, a California limited liability company, UNITED CONVENIENCE SUPPLY LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE ROCK CAPITAL, LTD., a Mauritius Limited Liability Company; ESPRO INVESTMENTS, LTD., a Mauritius Limited Liability Company; PRASANTH SEEVNARYAN, an individual; and DOES 1-50,<br><br>Defendants. | Civil Action No. 2:16-cv-01255-PSG-SSx<br><br>**MEMORANDUM OF POINTS & AUTHORITES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)**<br><br>[NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) FILED CONCURRENTLY HEREWITH]<br><br>Date: April 18, 2016<br>Time: 1:30 p.m.<br>Ctrm: 880<br>Roybal Federal Building<br><br>Judge: Hon. Philip S. Gutierrez |

# TABLE OF CONTENTS

Page No.

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 1

I. PRELIMINARY STATEMENT ................................................................................. 1

II. PLAINTIFFS FAIL TO STATE A CLAIM FOR BREACH OF CONTRACT ............ 1

    1. Legal Standard under Federal Rules of Civil Procedure Rule 12(b)(6) ........................................................................................ 2

    2. Plaintiffs Have Failed to Plead Facts That Support Viable Claims For Breach of Contract ........................................................... 2

    3. Plaintiffs' Complaint Should Be Dismissed Because it Fails to Identify Which Defendants Were Parties to the Contract ..................... 2

    4. Pleading a Breach of Contract Cause of Action Requires an Attached Contract or Verbatim Terms ..................................................... 4

III. PLAINTIFFS' ALTER-EGO THEORY LACKS SPECIFIC ALLEGATIONS ........ 4

IV. CONCLUSION ......................................................................................................... 6

## TABLE OF AUTHORITIES

Page No.

**FEDERAL CASES**

*Clegg v. Cult Awareness Network,*
18 F.3d 752 (9th Cir. 1994) ........................................................................................ 1

*Hokama v. E.F. Hutton & Co., Inc.,*
556 F. Supp. 636 (C.D. Cal. 1983) ........................................................................... 4

*McAfee v. Francis,*
No. 5:11-cv-00821-LHK, 2011 WL 3293759, at *2 (N.D. Cal. Aug. 1, 2011) ........ 3

*Neilson v. Union Bank of Cal., N.A.,*
290 F. Supp. 2d 1101 (C.D. Cal. 2003) ................................................................ 4, 5

*Perez v. Wells Fargo Bank,*
*N.A.,* No. C-11-02279 JCS, 2011 WL 3809808, at *18 (N.D. Cal. Aug. 29, 2011) ........ 3

*Sandoval v. Ali,*
34 F.Supp.3d 1031 (N.D. Cal. 2014) ........................................................................ 5

*Smith v. U.S. Bank* 2012
WL 10634241 (C.D. Cal. 012) .................................................................................. 2

*Walters v. Fidelity Mortgage of CA.,*
730 F. Supp.2d. 1185 (E.D. Cal. 2010) .................................................................... 2

**STATE CASES**

*McKell v. Washington Mut., Inc.,*
142 Cal.App.4th 1457 (2006) .................................................................................... 2

*Sonora Diamond Corp. v. Sup.Ct.,*
83 Cal.App.4th 523 (2000) ........................................................................................ 5

**FEDERAL STATUTES**

Fed. Rule of Civ. Proc., Rule 12(b)(6) ...................................................................... 1

**SECONDARY SOURCES**

4 Witkin, Cal. Procedure (4th ed. 1997) Pleading § 480, p. 573 .............................. 2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PRELIMINARY STATEMENT

This is the companion motion filed concurrently with defendant PRASANTH SEEVNARYAN's motion for orders quashing service of the summons and complaint on him, and to dismiss the summons and complaint for lack of personal jurisdiction. This motion attacks the sufficiency of the two separate claims for breach of a written Distribution Agreement that plaintiffs UNITED MEDICAL DEVICES, LLC ("UMD") and UNITED CONVENIENCE SUPPLY LLC, ("UCS") filed against defendants BLUE ROCK CAPITAL, LTD., ("BLUE ROCK"), ESPRO INVESTMENTS, LTD., ("ESPRO") and PRASANTH SEEVNARAYAN ("SEEVNARAYAN"). Significantly, the plaintiffs have studiously avoided attaching a copy of the Distribution Agreement to the complaint, and by this motion, the moving parties BLUE ROCK and ESPRO move to dismiss the complaint under Federal Rule of Civil Procedure, Rule 12(b)(6) for failing to state viable claims upon which relief can be granted.

### II. PLAINTIFFS FAIL TO STATE A CLAIM FOR BREACH OF CONTRACT

#### 1. Legal Standard under Federal Rules of Civil Procedure Rule 12(b)(6)

The federal pleading standards for notice pleading contained in the Federal Rules of Civil Procedure "are not so liberal as to allow purely conclusory statements to suffice to state a claim that can survive a motion to dismiss under Rule 12(b)(6). '[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the fact alleged. *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754 (9th Cir. 1994.)

Dismissal is appropriate under Rule 12(b)(6) where a plaintiff fails to allege sufficient facts under a cognizable legal theory. "A claim for breach of contract must include facts demonstrating (1) that a contract exists between the parties; (2) that the plaintiff performed his contractual duties or was excused from non-performance; (3) that

1

the defendant breached those contractual duties; and (4) that plaintiff's damages were a result of the breach. [Citation omitted.] *Walters v. Fidelity Mortgage of CA.*, 30 F.Supp.2d. 1185. 1198 (E.D. Cal. 2010.)

"A written contract may be pleaded either by its terms – set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference or by its legal effect." *Smith v. U.S. Bank*, 2012 WL 10634241 (C.D. Cal. 2012; "In order to plead a contract by its legal effect, plaintiff must allege substance of its relevant terms, which is more difficult because the plaintiff must engage in careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions.' *Id.* (quoting 4 Witkin, Cal. Procedure (4th ed. 1997) Pleading § 480, p. 573.)" *McKell v. Washington Mut., Inc.*, 142 Cal.App.4th 1457, 1489 (2006.)

2. **Plaintiffs Have Failed to Plead Facts That Support Viable Claims For Breach of Written Contract**

Plaintiffs generally allege that all defendants signed and entered into the Distribution Agreement. See Complaint ¶ 15 ["Plaintiffs on the one hand and defendants on the other signed a written ten year distribution agreement…"]. But the Complaint does *not specifically identify which defendants were parties to the Distribution Agreement.* Nor does it allege specifically which terms of the written agreement were breached, and in what way.

3. **Plaintiffs' Complaint Should Be Dismissed Because it Fails to Identify Which Defendants Were Parties to the Contract**

The first element of a breach of contract claim is that a contract exists between the parties. *Walters v. Fidelity Mortgage of CA.,* 730 F.Supp.2d. 1185. 1198 (E.D. Cal. 2010). The Complaint is intentionally vague in that it fails to identify which of the defendants were parties to the written Distribution Agreement. While plaintiffs attempt to entangle defendant SEEVNARYAN as a party to the Distribution Agreement, the complaint lacks any specific allegation that he was a party to the Distribution Agreement.

Plaintiffs also do not identify the specific terms of the agreement that they contend

2

defendants breached, other than to state that "Defendants breached the Distribution Agreement as set forth in paragraph 16 above." See Complaint, ¶ 29.

Paragraph 16 alleges no more than that "[t]he Distribution Agreement contains the representations, conditions, and promises by defendants that they will, among other things: Have minimum net sales of US $500,000 of Playboy Condoms in <u>India</u> per year; Purchase a minimum of US $1,000,000 of Playboy Vapor from UCS for <u>India</u> per year; Purchase a minimum of US $1,200,000 of Playboy Vapor from UCS for <u>Africa</u> per year; Purchase a minimum of 2 containers of Playboy Lubricants for <u>Africa</u> per year." See Complaint, ¶ 16.

The Complaint fails not only to identify the specific provisions of the Distribution Agreement which defendants allegedly breached, but it also fails to include the express language of the Distribution Agreement. The extent of plaintiffs' factual allegations is that defendants allegedly failed to satisfy certain *"representations, conditions and promises"* that are not factually supported by the exact wording of the Distribution Agreement. See Complaint ¶17. ["Defendants breached the Distribution Agreement by failing to satisfy the conditions set forth in Paragraph 16 of this Complaint."].

Because plaintiffs do not provide sufficient facts showing in what way each of the defendants breached a specific term of the written the Distribution Agreement, the Complaint does not state a claim for breach of contract. *Perez v. Wells Fargo Bank, N.A.*, No. C-11-02279 JCS, 2011 WL 3809808, at *18 (N.D. Cal. Aug. 29, 2011) [dismissing contract claim where the plaintiff failed to identify a "specific contractual provision allegedly breached"]; *McAfee v. Francis*, No. 5:11-cv-00821-LHK, 2011 WL 3293759, at *2 (N.D. Cal. Aug. 1, 2011) ["Without the essential terms of the agreement and more specific allegations as to the breach, plaintiffs fail to state breach of contract claims."].

Accordingly, plaintiffs have not pleaded facts that show how or in what way BLUE ROCK and ESPRO breached the express terms of the Distribution Agreement.

3

MEMORANDUM OF POINTS & AUTHORITES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)

4. **Pleading a Breach of Contract Cause of Action Requires an Attached Contract or Verbatim Terms**

In an absence of pleading the terms of the written agreement verbatim, the plaintiffs are required to attach what they allege to be their contract with defendants. Instead of doing either, they attempt to cobble together alleged *"representations, conditions and promis*es" in an attempt to avoid providing the express terms of the Distribution Agreement, which leaves it to the defendants to speculate as to what duties each defendant allegedly owed under the contract. Because the Complaint does not clearly allege the substance of the relevant terms of the Distribution Agreement, defendants do not have reasonable notice of the claims against them, and the Complaint fails to state a claim for breach of contract.

### III. PLAINTIFFS' ALTER-EGO THEORY LACKS SPECIFIC ALLEGATIONS

"The term 'alter ego' refers to a doctrine of corporation law under which courts may at times disregard the corporate entities. If plaintiffs wish to pursue such a theory of liability, they must allege the elements of the doctrine. Conclusory allegations of alter ego status such as those made in the present complaint are not sufficient." *Hokama v. E.F. Hutton & Co., Inc.,* 556 F. Supp. 636, 647 (C.D. Cal. 1983.) "Rather a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Neilson v. Union Bank of Cal., N.A.,* 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003.)

Relying on exactly the sort of conclusory allegations that these cases found to be deficient, plaintiffs allege that defendant BLUE ROCK, ESPRO, and SEEVNARYAN are all alter-egos of one another. See Complaint. ¶ 12, which provides:

> "Defendants are the alter egos of each other and/or are liable to plaintiffs under the single enterprise doctrine. The companies are participating in a common business venture. The companies sell the same products. The companies have common owners and employees. The companies share business locations, telephone numbers,

4

a website and email systems. Each company is merely the instrumentality, agency, conduit or adjunct of the others. <u>There is such a unity of interest and ownership between the defendant companies and their individual defendants that their separate personalities have ceased to exist. Further Plaintiffs are informed and believe and thereon allege that, if the acts of any one of the companies are treated as those of that company alone, an inequitable result will follow</u>."

These above allegations do not meet the pleading requirements for alter ego liability. Each of these "legal conclusions" is unsupported by the "evidentiary" allegations required to sustain such a claim. Furthermore, as stated in *Sandoval v. Ali*, 34 F.Supp.3d 1031, 1040 (N.D. Cal. 2014), "California courts have rejected, however, the view that the potential difficulty a plaintiff faces collecting a judgment is an inequitable result that warrants application of the alter ego doctrine. *Neilson*, 290 F.Supp.2d 1101 at 1117; see also *Sonora Diamond Corp. v. Sup.Ct.*, 83 Cal.App.4th 523, 539 (2000) ('The alter ego doctrine does not guard every unsatisfied creditor of a corporation but instead affords protection where some conduct amounting to bad faith makes it inequitable for the corporate owner to hide behind the corporate form. Difficulty in enforcing a judgment or collecting a debt does not satisfy this standard.')"

Plaintiffs' allegations of bad faith on defendants' part is vague and conclusory, unsupported by specific facts, and is implausible on its face. Plaintiffs allege that defendants used "limited company forms for their own personal benefit and to avoid creditors and personal liability for their own wrongdoings." See Complaint, ¶ 8. There are no specific allegations of this ever occurring, and the Complaint fails to identify any purportedly unsatisfied creditors. It also fails to allege which subsidiaries plaintiffs claim engaged in wrongdoings. Instead, plaintiff pleads conclusions without any supporting factual details as required by Rule 8 of the Rules of Federal Civil Procedure.

///

///

///

## IV. CONCLUSION

For the reasons stated above, defendants BLUE ROCK and ESPRO respectfully request that the Court dismiss the stated claims in the Complaint for failure to state a claim upon which relief may be granted.

GORDON & GORDON
Professional Law Corporation.

Dated: February 29, 2016

By: _____
ANTHONY B. GORDON
Attorney for BLUE ROCK CAPITAL, LTD., ESPRO INVESTMENTS, LTD., and PRASANTH SEEVNARAYAN

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 5550 Topanga Canyon Boulevard, Suite 200, Woodland Hills, California 91367-6478.

On February 29, 2016, I served the foregoing documents described as:

**MEMORANDUM OF POINTS & AUTHORITES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)**

[NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) FILED CONCURRENTLY HEREWITH]

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Michael J. Perry, Esq.
4640 Admiralty Way, Suite 500
Marina del Rey, California 90292

Peter W. Ross
Brown George Ross LLP
2121 Avenue of the Stars, Suite 2400
Los Angeles, CA 90067

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Woodland Hills, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on February 29, 2016, at Woodland Hills, California

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
Linda Gordon