ANTHONY B. GORDON (S.B. NO. 108368)
GORDON & GORDON
A Professional Law Corporation
5550 Topanga Canyon Boulevard, Suite 200
Woodland Hills, California 91367-6478
Telephone: (818) 887-5155
Facsimile: (818) 887-5154

Attorneys for Defendants BLUE ROCK CAPITAL, LTD., ESPRO INVESTMENTS, LTD., and PRASHANTH SEEVNARAYAN

# UNITED STATED DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED MEDICAL DEVICES, LLC, a California limited liability company, UNITED CONVENIENCE SUPPLY LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE ROCK CAPITAL, LTD., a Mauritius Limited Liability Company; ESPRO INVESTMENTS, LTD., a Mauritius Limited Liability Company; PRASANTH SEEVNARYAN, an individual, and DOES 1-50,<br><br>Defendants. | Civil Action No. 2:16-cv-01255-PSG(SSx)<br><br>**DEFENDANT'S OPPOSITION TO MOTION TO REMAND AND FOR ATTORNEY'S FEES**<br><br>Date: June 6, 2016<br>Time: 1:30 p.m<br>Ctrm: 880<br><br>Related to Civil Action No. 2:16-cv-03176-RSWL-AFMx |

# TABLE OF CONTENTS

Page(s)

TABLE OF CONTENTS ..................................................................................................i

TABLE OF AUTHORITIES ........................................................................................iii

I. INTRODUCTION .................................................................................................1

II. STATEMENT OF FACTS....................................................................................1

III. DISCUSSION .........................................................................................................3

    A. Legal Standard ..........................................................................................3

    B. Formal Service is Required to Trigger Receipt.......................................4

        1. Defendant Seevnarayan Has Not Been Served ...............................4

        2. Entity Defendant's Notice of Removal was Within the Applicable Period as Plaintiffs Failed to Properly Serve the Entity Defendants According to the Distribution Agreement ........................................................................................5

    C. Consolidation of Cases is in the Interests of Justice ...............................8

IV. CONCLUSION.......................................................................................................9

## TABLE OF AUTHORITIES

Page(s)

**STATE STATUTES**
Cal. Code Civ. Proc., § 415.20 ............................................................................... 5
Cal. Code Civ. Proc., § 413.10 (c) ........................................................................... 8

**STATE CASES**
*Lebel v. Mai*
    210 Cal.App.4th 1154 (2012) ............................................................................ 8

**SECONDARY SOURCES**
    Hague Convention on the Service Abroad of Judicial
    and Extrajudicial Documents in Civil or Commercial
    Matters, Art. 1 et seq. .......................................................................................... 8

## TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Lopez v. Federal Nat. Mortg. Ass'n.*,
　　No. 1:10-cv-01958-LJO-JLT,
　　2010 WL 4875701, at *1 (E.D. Cal. Nov. 22, 2010) ................................... 5, 7, 8

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
　　526 U.S. 344 (1999) ................................................................................... 3, 4

*Miss. Publ'g Corp. v. Murphree*,
　　326 U.S. 438 (1946) ........................................................................................ 3

*Novak v. Bank of New York Mellon Trust Co., NA.*,
　　783 F.3d 910 (1st Cir. 2015) ........................................................................... 5

*Roth v. CHA Hollywood Med. Ctr., L.P.*,
　　720 F.3d 1121 (9th Cir. 2013) ........................................................................ 3

*Swearengin v. Continental Ins. Co.*
　　No. CV-02-5281-EFS (SHX),
　　2002 WL 34439648, at *1(C.D. Cal., Oct. 3, 2002) ....................................... 3

*Tejada v. Sugar Foods Corp.*,
　　No. 2:10-cv-05186-MMM (JEMx)
　　2010 WL 4256242, at *6 (C.D. Cal. Oct. 18, 2010) .................................. 5, 7, 8

*Wolfe v. Green*,
　　660 F.Supp.2d 738 (S.D.W.Va. 2009) ............................................................ 8

**FEDERAL STATUTES**
28 U.S.C. § 1441 ....................................................................................................... 3
28 U.S.C. § 1446(b) .............................................................................................. 1, 3

**FEDERAL RULES OF CIVIL PROCEDURE**
Rule 4 ....................................................................................................................... 8
Rule 42 ..................................................................................................................... 8

DEFENDANTS MEMORANDUM IN OPPOSITION TO MOTION TO REMAND AND FOR ATTORNEY'S FEES

Defendants BLUE ROCK CAPITAL, LTD., ESPRO INVESTMENTS, LTD. and PRASHANTH SEEVNARAYAN oppose the pending motion to remand and for attorney fees filed by Plaintiffs UNITED MEDICAL DEVICES, LLC, and UNITED CONVENIENCE SUPPLY LLC.

## I.   INTRODUCTION

On May 16, 2016, this Court ordered the case captioned "*MEGACOR INVESTMENTS (PTY) LTD ET AL V. UNITED MEDICAL DEVICES, LLC ET AL.*," filed under Case Number 2:16-cv-03176 RSWL (AFMx), (the "MEGACOR ACTION") be transferred to this court's calendar as it is related to the instant action captioned "*UNITED MEDICAL DEVICES, LLC, UNITED CONVENIENCE SUPPLY, LLC v. BLUE ROCK CAPITAL, LTD.*" (the BLUE ROCK ACTION") pursuant to General Order 14-03.  The May 8, 2016, date is also the date by when defendants BLUE ROCK and ESPRO are required to file their Opposition to the pending motion to remand.  In light of this Court's Order dated May 8, 2016, plaintiffs' motion to remand part of this case back to the California Superior Court, Santa Monica Division, seems impractical and moot.  The only remaining procedural issue is the consolidation of the two cases.

Counsel for the BLUE ROCK and MEGACORP GROUP has attempted to meet and confer with the anticipated soon to be retained counsel for UNITED MEDICAL DEVICES ("UMD"), UNITED CONVENIENCE SUPPLY ("UCS"), JIMMY ESEBAG and NICHOLAI ALLEN, and they have agreed to meet and confer on May 18, 2016, concerning BLUE ROCK's proposed motion to consolidate the two actions.  While an agreed stipulation to consolidate the two actions would render both plaintiff's motion to remand and the proposed motion to consolidate the two actions moot, in an abundance of caution, defendants BLUE ROCK, ESPRO and PARSHANT SEEVNARAYAN file the following Opposition.

Plaintiffs UMD and UCS base their motion to remand on the grounds that defendants' removal was untimely under 28 U.S.C. § 1446(b).  As defendant Seevnarayan was never served, the period for removal was never triggered and he timely removed the

1

matter on the basis of his own information. Defendants BLUE ROCK CAPITAL, LTD. ("BLUE ROCK") and ESPRO INVESTMENTS, LTD. ("ESPRO") were not served in accordance with the terms of the Distribution Agreement because the defective service did not comply with California or federal law. Defendants timely removed this case within the applicable removal periods, and have complied with the removal statutes. Based on the holdings discussed below, Plaintiffs' motion to remand should be denied.

## II. STATEMENT OF FACTS

On September 16, 2015, plaintiffs UNITED MEDICAL DEVICES, LLC ("UMD" and UNITED CONVENIENCE SUPPLY LLC ("UCS") filed suit against defendants BLUE ROCK CAPITAL, LTD., ("BLUE ROCK"), ESPRO INVESTMENTS, LTD., ("ESPRO") and PRASHANTH SEEVNARAYAN ("Seevnarayan") in the Superior Court of California, Los Angeles County, Santa Monica Courthouse. The complaint alleges two separate causes of action against defendants for breach of a written Distributorship Agreement under which Defendants BLUE ROCK and ESPRO (collectively, "Entity Defendants") had acquired the exclusive rights from Plaintiffs UMD and UCS to distributor Playboy products in Africa and India, for which Plaintiffs held the licensing rights.

Seevnaryan is a citizen and permanent resident of South Africa, and an officer of BLUE ROCK and ESPRO which are two Mauritius limited liability companies. Seevnarayan is not a party to the Distribution Agreement, which he signed in his representative capacity as an officer of BLUE ROCK and ESPRO. As the plaintiffs readily admit, Seevnarayan has not been served.

On February 24, 2016, defendants removed the California Superior Court action to this Honorable Court based on diversity of citizenship.

On May 9, 2016, plaintiffs MEGACOR, KIRAN and QUICK DRINKS filed a separate but related action against UMD and USC in this federal court under Civil Action No. 2:16-cv-03176-RSWL-AFM (the "MEGACOR ACTION"). That case has been

2

assigned to the Hon. Judge Ronald W. W. Lew, sitting in Courtroom 21.

On May 16, 2016, this Court issued its Order that the BLUE ROCK ACTION and the MEGACOR ACTION are related.

## III. DISCUSSION

### A. Legal Standard

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. There are three instances in which a defendant may remove a case. The first two are statutory and require a triggering event. 28 U.S.C. § 1446(b)(1) allows for removal "within 30 days after the receipt by the defendant ... of a copy of the initial pleading" if it is ascertainable from the initial pleading that the case is removable. 28 U.S.C. § 1446(b)(1); *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124 (9th Cir. 2013). 28 U.S.C. Section 1446(b)(3) allows for removal "within 30 days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The Ninth Circuit has also held that that there is a third instance in which removal is proper, holding that a defendant may "remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Roth*, 720 F.3d at 1125. Thus, if a defendant has not been put on notice by a plaintiff that a case may be removable, but finds through its own diligence that removal is possible, a defendant may remove.

The removal period is triggered by service of process. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). "The thirty-day period to file for removal does not begin on the receipt of a courtesy copy of the complaint. *Id.*; *Swearengin v. Continental Ins. Co.,*) No. CV-02-5281-EFS (SHX), 2002 WL 34439648, at *1 (C.D. Cal., Oct. 3, 2002). If the complaint is filed in court prior to any service, the thirty-day period begins when the defendant is officially served with the summons. *Id.* The United States Supreme Court has held that "[u]nless a named

defendant agrees to waive service, the summons continues to function as the sine qua non directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.*; *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45, 66 S.Ct. 242, 90 L.Ed. 185 (1946).

### B. Formal Service is Required to Trigger Receipt

#### 1. Defendant Seevnarayan Has Not Been Served

Defendant Seevnarayan properly removed this matter on the basis of his own information as he was not formally served and no triggering event had occurred. Plaintiffs readily admit that, "Plaintiffs failed to properly serve Defendant Seevnarayan. Under both California and federal law, Plaintiffs failed to effect valid service on him and consequently, never filed a proof of service. (Citations omitted)." Plaintiff's Motion to Remand. Doc. 18 ¶ 6:6-9. The Plaintiffs incorrectly assert that an email directed to the Entity Defendants was a sufficient trigger of Defendant Seevnarayan's removal rights. Plaintiffs assertion is erroneous because, as discussed above, the removal period is triggered by service of process.

In *Murphy,* the Court addressed the interpretation of section 1446(b), which specifies, in relevant part, that the notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the [complaint]." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 354, 119 S.Ct. 1322, 1329 (1999); §1446(b). The Court held that, "[t]he words 'or otherwise'" do *not* dispense with the historic function of service of process as the official trigger for responsive action by a named defendant. *Id.* "Receipt" of the complaint by any other means is not sufficient. *Ibid.*

The *Murphy* Court held that a plaintiff's faxed file-stamped copy of complaint did not trigger the removal period. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* 526 US 344, 354 (1999). Likewise, this Court should not allow an email, which was not even intended for Defendant Seevnarayan but rather the Entity Defendants, to act as the trigger for Defendant Seevnarayan's removal period.

Additionally, in making their ruling, the Court in *Murphy* specifically recognized the danger of a plaintiff's informal service as a trigger when applied to foreign individuals and entities. "[T]he so-called 'receipt rule'—starting the time to remove on receipt of a copy of the complaint, however informally, despite the absence of any formal service—could, as the District Court recognized, operate with notable unfairness to individuals and entities in foreign nations. (Citation omitted). Because facsimile machines transmit instantaneously, but formal service abroad may take much longer than 30 days, plaintiffs 'would be able to dodge the requirements of international treaties and trap foreign opponents into keeping their suits in state courts.' *Ibid*." *Murphy,* 526 US at p. 365.

The cases which the Plaintiff has used in support of their position on this matter do not apply. Both cases cited only relate to whether substitute-service which technically complied with state law, was sufficient service of process to trigger the removal process. *See Tejada v. Sugar Foods Corp.*, No. 2:10-cv-05186-MMM (JEMx), 2010 WL 4256242, at *6 (C.D. Cal. Oct. 18, 2010) ("[T]he service Tejeda effected technically complied with the requirements of Code of Civil Procedure § 415.20 . . . court concludes that, even if technically deficient, Sugar Foods was effectively served under California law on May 4, 2010); *see Lopez v. Federal Nat. Mortg. Ass'n,*, No. 1:10-cv-01958-LJO-JLT, 2010 WL 4875701, at *1 (E.D. Cal. Nov. 22, 2010) ("It is undisputed that the Rita Lopez actually received a copy of the complaint for Lopez on May 25, 2010. The dispute centers only on whether this was sufficient service of process according to the California Code of Civil Procedure. [Citations omitted]).

Because defendant Seevnarayan was never served, there is no dispute regarding compliance and no triggering event occurred. Formal service of process is not a prerequisite to the right to remove. Therefore, Defendant Seevnarayan, even if unserved, may remove to federal court any time before the removal period ends. *See Novak v. Bank of New York Mellon Trust Co., NA.* 783 F.3d 910, 911 (1st Cir. 2015).

///

2. **Entity Defendant's Notice of Removal was Within the Applicable Period as Plaintiffs Failed to Properly Serve the Entity Defendants According to the Distribution Agreement**

Plaintiffs assert that the summons and complaint was served on Entity Defendants on January 4, 2016, in accordance with the terms of the Distribution Agreement. (Perry Decl. ¶5, Ex.3.)" Plaintiff's Motion to Remand ¶3:13-17. No triggering event had occurred, however, because Plaintiffs failed to serve the Entity Defendants both under the terms of the Distribution Agreement, and under California or federal law.

In the Plaintiffs' underlying Motion, the Plaintiffs only state a portion of the relevant text of the Distribution Agreement. "The Distribution Agreement ... provided that the Entity Defendants "waive[d] personal service of process upon Distributor [the Entity Defendants]. Distributor consents that all service of process may be made on Distributor by any method allowed by California law or by first class mail, Fedex or by email; service of process of a summons in the aforementioned manner shall be deemed complete on the 10th day after mailing.' (Perry Decl. ¶2, Ex1.)" Plaintiff's Motion to Remand ¶ 2:22-27. ("Consent to Personal Jurisdiction Clause".)

Plaintiffs failed to include the following important language:

> "**Notices.** All formal or legal notices or other communications required under this Agreement will be in writing and will be delivered or sent via email or fax, or mailed by registered or certified mail, return receipt requested, or sent by commercial overnight delivery service with provisions for a receipt, or confirmed by e-mail or fax, to the following addresses or such other address a party may specific by written notice to:
>
> Company:    United Medical Devices LLC
>             United Convenience Supply LLC
>             1901 Avenue of the Stars, Suite 470
>             Los Angeles, CA 90067
>
> Distributor: Blue Rock Capital Ltd.
>             c/o Glenara Management Services Ltd.
>             8th Floor, Tower A
>             1 Cybercity, Ebene, Mauritius

        Distributor:        Espro Investments Ltd.
c/o Glenara Management Services Ltd.
8th Floor, Tower A
1 Cybercity, Ebene, Mauritius"

Perry Decl. ¶15, Ex.1 ("Notices Clause")

The Distribution Agreement specified the process in which legal services were to be delivered or sent. The Notices Clause specified "legal notices," is to be read in conjunction with, and applicable to, the Consent to Personal Jurisdiction Clause as legal notices are implicated. Plaintiffs' repeatedly claim that service of process was effected by, "Plaintiff serve[ing] the Entity Defendants with the Summons and Complaint via the following methods, as authorized by the Distribution Agreement (Perry Decl., ¶ 2, Ex. 1): (1) an email sent …; and (2) United State mail. (Perry Decl. ¶ 5, Ex.3.)" Plaintiff's Motion to Remand ¶ 3:13-17. As discussed below, Plaintiffs failed to effect service of process by either e-mail or mail as they failed to comply with the terms of the Distribution Agreement.

First, under the Consent to Personal Jurisdiction Clause, the Entity Defendants consented to service of summons via email. In reading the Notices Clause, this consent would only be extended to an email which had been provided for in the Distribution Agreement or by written notice. As no email address was specified nor was an email address specified by written notice, Entity Defendants did not consent to service via email to Defendant Seevnarayan personal email address.

Second, in effecting service by mail under the terms of the Distribution Agreement, the Plaintiffs were required to "[mail] by registered or certified mail, return receipt requested, or sent by commercial overnight delivery service with provisions for a receipt." Perry Decl. ¶15, Ex.1. Here, the Plaintiffs failed to comply with the agreed upon terms of the Distribution Agreement by mailing the Summons and Complaint only by first-class mail. Perry Decl. ¶5, Ex.3. By failing to adhere to the agreed upon terms of the Distribution Agreement, Plaintiffs failed to effect service of process by mail.

Based on the rulings in *Lopez v. Federal Nat. Mortg. Ass'n,* and *Tejada v. Sugar Foods Corp.*, Plaintiffs have cited in support of their motion, they failed to effect service. If Plaintiffs failed to serve the Entity Defendants in accordance with the Distribution Agreement, then the <u>only</u> way for service to be effected is if the defective service was still sufficient service of process according to the California Code of Civil Procedure. *See Tejada v. Sugar Foods Corp.*, No. 2:10-cv-05186-MMM (JEMx), 2010 WL 4256242, at *6 (C.D. Cal. Oct. 18, 2010) (*Tejada* Court quoting *Wolfe v. Green*, 660 F.Supp.2d 738, 749 (S.D.W.Va.2009), "This is not to say that technically defective service will never trigger the thirty day consent [to removal] period. The question is whether service effected while the case is pending in state court, though technically defective, would suffice under state law"; *see Lopez v. Federal Nat. Mortg. Ass'n.*, No. 1:10-cv-01958-LJO-JLT, 2010 WL 4875701, at *1 (E.D. Cal. Nov. 22, 2010).

Under California and federal law, as the Entity Defendants are foreign parties incorporated and domiciled in a foreign county, Plaintiffs would be required to service summons in accordance with the Hague Convention, which it did not. See *Code Civ. Proc.*, § 413.10(c); *see Lebel v. Mai* 210 Cal.App.4th 1154, 1157 [148 Cal.Rptr.3d 892, 895] (2012).) (In all cases where the Hague Convention applies, failure to comply with the Hague Convention renders the service void, even if the defendant has actual notice of the lawsuit. Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Art. 1 et seq., Fed.Rules Civ.Proc. Rule 4 note, 28 U.S.C.A.); *see also* Defendant Seevnarayan's Motion to Quash Service of Summons, Doc. 12-1.

Here, Plaintiff failed to effect service under the terms of the Distribution Agreement, California law, and federal law. Therefore, no triggering event had occurred under the first statutory removal period. Entity Defendants timely removed this matter to federal court within the applicable removal period.

**C.      Consolidation of Cases is in the Interest of Justice**

Under Rule 42 of the Federal Rules of Civil Procedure, the court may:  (1) join for

8

hearing or trial any or all matters at issue in the actions, (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary delay. Fed. Rules Civ.Proc. Rule 42. Recently, an action was filed in this Court based on the same or similar underlying facts in this matter. *See Megacor v. United Medical Devices*, Civil Case No. 2:16-cv-03176-RSWL-AFM. As both actions involve common parties and common issues of fact and law, it would be in the interest of judicial efficiency to deny the Plaintiff's motion to remand, and allow for consolidation of the cases.

## IV.   CONCLUSION

For the reasons stated above, Defendants respectfully requests that the Court deny Plaintiffs motion to remand.

GORDON & GORDON,
A Professional Law Corporation

Dated: May 16, 2016         By; _____
ANTHONY B. GORDON
Attorney for BLUE ROCK CAPITAL, LTD.,
ESPRO INVESTMENTS, LTD., and
PRASHANTH SEEVNARAYAN

DEFENDANTS MEMORANDUM IN OPPOSITION TO MOTION TO REMAND AND FOR ATTORNEY'S FEES