BROWNE GEORGE ROSS LLP
Peter W. Ross (State Bar No. 109741)
  pross@bgrfirm.com
Elena Nutenko (State Bar No. 289708)
  enutenko@bgrfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Michael J. Perry, Esq. (State Bar No. 123214)
A Professional Law Corporation
4640 Admiralty Way, Suite 500
Marina del Rey, California 90292
Tel: 310.496.4710
Fax: 310.306.3456
Email: mjp@michaeljperrylaw.com

Attorneys for Plaintiffs
United Medical Devices, LLC and
United Convenience Supply LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED MEDICAL DEVICES, LLC, a California limited liability company, UNITED CONVENIENCE SUPPLY LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>BLUE ROCK CAPITAL, LTD., a Mauritius Liability Company; ESPRO INVESTMENTS, LTD., a Mauritius Limited Liability Company; PRASANTH SEEVNARYAN, an individual; and DOES 1-50, Inclusive,<br><br>Defendants. | Case No. 2:16-cv-01255-PSG (SSx)<br><br>Assigned to Hon. Philip S. Gutierrez<br><br>Magistrate Judge Suzanne H. Segal<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing:<br>Date:    June 6, 2016<br>Time:    1:30 p.m.<br>Crtrm.: 880 |

635722.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

On September 16, 2015, Plaintiffs United Medical Devices, LLC ("UMD") and United Convenience Supply, LLC ("UCS") (collectively, "Plaintiffs") filed this action against defendants Blue Rock Capital, LTD. ("Blue Rock"), Espro Investments, LTD. ("Espro"), and Prasanth Seevnaryan ("Defendant Seevnaryan") (collectively, "Defendants") in Los Angeles Superior Court. Plaintiffs alleged that Defendants had breached the parties' written agreement. The Defendants filed a notice of removal to this Court on February 24, 2016.[1]

Defendants' motion to dismiss Plaintiffs' complaint should be denied in its entirety as it is based on a mischaracterization of Plaintiff's claims and the governing law. First, Defendants contend that Plaintiffs fail to state a claim for breach of contract. Defendants' argument lacks merit as Plaintiffs' complaint sets out the four elements necessary to allege breach of contract under California law: (1) the existence of a contract; (2) the pleading party's performance or excuse for nonperformance; (3) the nonpleading party's breach; and (4) resulting damage to the pleading party. Second, Defendants argue that Plaintiffs' alter-ego theory lacks specific allegations. This argument equally lacks merit as Plaintiffs' complaint sets out the two elements necessary to allege an alter ego claim under California law: (1) a unity of interest and ownership between the corporation and its equitable owner such that the separate personalities of the corporation and the shareholder do not in reality exist, and (2) an inequitable result if the acts in question are treated as those of the corporation alone. For those reasons, as explained in more detail below,

---

[1] Removal was improper, and Plaintiffs have filed a motion to remand this action back to state court. (Dkt. 18.) Plaintiff's motion to remand is scheduled to be heard on the same day as the instant motion as well as Defendant Prasanth Seevnaryan's Motion to Quash Service of Summons and Complaint and to Dismiss for Lack of Jurisdiction. (Dkt. 12-1.)

635722.1

Defendants' motion to dismiss should be denied.

## II. RELEVANT BACKGROUND.

### A. The Parties.

Plaintiffs UMD and UCS are both limited liability companies, duly organized and existing under the laws of California, with their principal place of business in Los Angeles, California. Both companies hold licenses from third-party Playboy Enterprises International, Inc. ("Playboy Enterprises") to manufacture, market and sell certain products under the Playboy trademark.

Defendants Blue Rock and Espro both purport to be Mauritius Limited Companies, with their principal place of business in the Country of Mauritius. Defendant Seevnaryan resides in South Africa. He is a director of the entity Defendants and negotiated and entered into a distribution agreement with Plaintiffs on behalf of the entity Defendants.

### B. Plaintiffs' Allegations of the Breach of the Distribution Agreement.

On or about April 1, 2014, Plaintiffs, on the one hand, and Defendants Blue Rock and Espro (collectively, the "Entity Defendants"), on the other, signed a written, ten-year distribution agreement for the distribution and sale of Playboy Condoms and Lubricants and Playboy Vapors within numerous countries on the continent of Africa ("Africa") as well as in India, Bangladesh, Nepal, and Sri Lanka (collectively, "India") ("Distribution Agreement") in return for royalty payments and other fees. (Complaint, ¶15; Ex. 1.)

As alleged in Plaintiffs' Complaint:

16. The Distribution Agreement contains the representations, conditions, and promises by Defendants that they will, among other things:

- have minimum net sales of US$500,000 of Playboy Condoms in India per year;
- purchase a minimum of US$1,000,000 of Playboy Vapor from UCS for India per year;
- purchase a minimum of US$1,200,000 of Playboy Vapor for

635722.1

-2-

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES

        Africa per year; and

- purchase a minimum of 2 containers of Playboy Lubricants for Africa per year.

17. The Defendants breached the Distribution Agreement by failing to satisfy the conditions set forth in Paragraph 16 of this Complaint.[2]

18. On September 11, 2015, Plaintiffs provided written notice to Defendants of the breaches of contract referenced in paragraph 16 above and that the Distribution Agreement will be terminated on September 21, 2015.

(Complaint, ¶¶ 16-18.)

UMD and UCS each allege a claim against Defendants for breach of contract.

<u>UMD's Claim for Relief:</u>

20. UMD and Defendants entered into the Distribution Agreement.

21. UMD did all, or substantially all, of the significant things that the Distribution Agreement required them to do, or Plaintiffs were excused from doing those things by Defendants' material breaches as described in paragraph 16 above.

22. All conditions required by the Distribution Agreement for Defendants performance had occurred.

23. Defendants breached the Distribution Agreement as set forth in paragraph 16 above.

24. As a direct and proximate result of Defendants acts, as hereinabove alleged, Plaintiffs have been damaged generally and consequentially in a sum of no less than $5,000,000 according to proof at trial.

(Complaint, ¶ 19-24.)

<u>UCS' Claim for Relief:</u>

26. UCS and Defendants entered into the Distribution Agreement.

27. UCS did all, or substantially all, of the significant things that the Distribution Agreement required them to do, or Plaintiffs were excused from doing those things by Defendants material breaches as described in paragraph 16 above.

28. All conditions required by the Distribution Agreement for

---

[2] This obviates Defendants' contention that the Complaint does not identify the terms of the contract breached by Defendants.

635722.1

-3-

    Defendants performance had occurred.

29.  Defendants breached the Distribution Agreement as set forth in paragraph 16 above.

30.  As a direct and proximate result of Defendants acts, as hereinabove alleged, UCS has been damaged generally and consequentially in a sum of no less than $20,000,000, according to proof at trial."

(Complaint, ¶ 26-30.)

## III.  APPLICABLE STANDARD.

Traditionally, courts have viewed motions to dismiss under Rule 12(b)(6) with disfavor because of the lesser role pleadings play in federal practice and the liberal policy regarding amendment. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (Rule 12(b)(6) motions are "viewed with disfavor and rarely granted"); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (Rule 12(b)(6) dismissal with prejudice proper only in "extraordinary" cases); *McGlone v. Bell*, 681 F.3d 718, 728 (6th Cir. 2012).

On a motion to dismiss under Rule 12(b)(6), the court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2nd Cir. 2009); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009) (all *reasonable inferences* from the facts alleged are drawn in plaintiff's favor in determining whether the complaint states a valid claim). *See also Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 400 (6th Cir. 2012).

Although the complaint need not contain detailed factual allegations, its "(f)actual allegations must be enough to raise a *right to relief above the speculative level ...* on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In short, it must allege "enough facts to state a claim to relief that is *plausible on its face*." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007) (emphasis added).

The "plausibility" requirement governs the pleading of all claims (complaints, counterclaims, third-party claims, etc.) in all federal civil actions. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009).

As one court has put it, "(i)f a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied." *Keys v. Humana*, Inc., 684 F.3d 605, 610 (6th Cir. 2012).

The plaintiff is not required to attach to its complaint the documents on which the complaint is based. However, a defendant may attach to its Rule 12(b)(6) motion the documents referred to in the complaint *to show that they do not support* plaintiff's claim. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1281, fn. 16 (11th Cir. 1999).[3]

## IV. PLAINTIFFS SUFFICIENTLY ALLEGE BREACH OF CONTRACT.

Defendants contend that Plaintiffs fail to state a claim for breach of contract. Under California law, breach of contract requires that the following elements be sufficiently alleged: (1) the existence of a contract; (2) the pleading party's performance or excuse for nonperformance; (3) the nonpleading party's breach, and; (4) resulting damage to the pleading party. *Reichert v. Gen. Ins. Co. of Am.*, 68 Cal.2d 822, 830 (1968). All four elements of a breach of contract have been sufficiently alleged.

### A. Plaintiffs Sufficiently Alleged the Existence of the Contract.

First, Plaintiffs have sufficiently alleged the existence of the contract. Under California law, the existence of a contract "may be pleaded either by its terms – set out verbatim in the complaint or a copy of the contract attached to the complaint and

---

[3] Notably, Defendants could have attached the Distribution Agreement to their motion to dismiss in an attempt to show the court that the allegations of the essential contract terms were inaccurate. Defendants failed to do so because they know that Plaintiffs' complaint accurately alleges the term of the contract.

incorporated therein by reference – or by its legal effect.  In order to plead a contract by its legal effect, plaintiff must allege the substance of its relevant terms." *Frontier Contracting, Inc. v. Allen Eng'g Contractor, Inc.*, No. CV F 11-1590 LJO DLB, 2012 WL 1601659, at *4 (E.D. Cal. May 7, 2012) (quoting *McKell v. Washington Mut., Inc.*, 142 Cal.App.4th 1457, 1489 (2006)).

Here, Plaintiffs allege that "[o]n or about April 1, 2014, Plaintiffs on the one hand and Defendants on the other signed a written, ten-year distribution agreement for the distribution and sale of Playboy Condoms and Lubricants from UMD and Playboy Vapors from UCS in many countries in the continent of Africa ("Africa") and India, Bangladesh, Nepal, and Sri Lanka ("India") ("Distribution Agreement") in return for royalty payments and other fees." (Complaint, ¶ 15, Ex. 1.)

Taking these allegations quoted from the Complaint as true, Plaintiffs sufficiently plead the existence of the contract.  *See Mortgage Indus. Solutions, Inc. v. Collabera, Inc.*, No. CIV-S-2636-KJM, 2011 WL 1135907, at *2–3 (E.D. Cal. Mar. 25, 2011) (finding sufficient allegation of existence of a contract where claimant "alleged that [the parties] entered into a contract ... for the development of a search engine for mortgage information" and that "[f]ederal procedural rules do not require that the contract at issue be attached to the complaint").

### B. Plaintiffs Sufficiently Alleged Their Performance.

Second, Plaintiffs have sufficiently alleged the performance of the contract. Performance, or an offer to perform, is generally required as a condition precedent to a party bringing an action to recover on a contract.  *See* Cal. Civ. Code § 1439. Therefore, the relaxed pleading standard of Federal Rule of Civil Procedure 9(c) applies to the element of performance, providing that "[i]n pleading conditions precedent, it suffices to allege generally that all the conditions have occurred or been performed." *See Kiernan v. Zurich Co.*, 150 F.3d 1120, 1124 (9th Cir. 1998) (holding that a plaintiff's general statement is an adequate averment of performance of conditions precedent).

Here, Plaintiffs generally allege that they "did all, or substantially all, of the significant things that the Distribution Agreement required them to do, or Plaintiffs were excused from doing those things by Defendants' material breaches as described in paragraph 16 above." (Complaint, ¶¶ 21, 27) and "all conditions required by the Distribution Agreement for Defendants' performance had occurred." (*Id.*, ¶¶ 22, 28.)  None of Plaintiffs' factual allegations controvert this general statement.  Plaintiffs accordingly meet the requisite pleading standards.  *Toyrrific, LLC v. Karapetian*, No. 2:12-cv-04499-ODW, 2012 WL 3542578, at *6 (C.D. Cal. Aug. 16, 2012) (denying motion to dismiss breach of contract claim where claimant generally alleged that it performed all required conditions under the contract); *Textainer Equip. Mgmt. (U.S.) Ltd. v. TRS Inc.*, No. C 07-01519 WHA, 2007 WL 1795695, at *2 (N. D. Cal. June 20, 2007) (denying motion to dismiss where claimant generally alleges that it "has performed all obligations under the Lease Agreement due and owing to defendants and/or Lessee, except for those which Plaintiff was prevented or excused from performing.").

### C. Plaintiffs Sufficiently Alleged Defendants' Breach and Damages.

Third, Plaintiffs have sufficiently alleged Defendants' breach of the contract and damages.  To plead breach, a claimant must allege how the non-claimant breached a relevant term of the alleged contract.  *Parrish v. Nat'l Football League Players Ass'n*, 534 F.Supp.2d 1081, 1096 (N.D. Cal. 2007) (granting motion to dismiss where plaintiff failed to allege breach of any relevant contract term).  Here, Plaintiffs allege that Defendants agreed to have minimum net sales of US $500,000 of Playboy Condoms in India per year; purchase a minimum of US $1,000,000 of Playboy Vapor from UCS for India per year; purchase a minimum of US $1,200,000 of Playboy Vapor for Africa per year (Complaint, ¶ 16); and that Defendants "breached the Distribution Agreement by failing to satisfy the conditions set forth in Paragraph 16 of this Complaint (Complaint, ¶¶ 17, 23, 29).  Plaintiffs also alleged proximate causation and their damages suffered by each of them in each of their

claims against the Defendants ($5 million for UMD and $20 million for UCS). (Complaint, ¶¶ 24, 30.) These allegations suffice. *See Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, No. C 12-2582 CW, 2013 WL 368365 (N.D. Cal. Jan. 29, 2013) (denying motion to dismiss breach of contract counterclaim to a patent and copyright infringement action where claimant alleged both a contract provision requiring notice or explanation for termination and nonclaimant's violation of that specific contract provision).

## V. PLAINTIFFS' SUFFICIENTLY ALLEGED ALTER EGO.

Defendants contend that Plaintiffs' alter-ego theory was not sufficiently alleged. To state a claim for alter ego, two elements must be alleged:

> First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist. Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone.

*Sonora Diamond Corp. v. Superior Court* (2000) 83 Cal.App.4th 523, 526. The Complaint has alleged sufficient facts to state an alter ego claim. It alleges that:

- Defendant Seevnaryan dominate[s] and control[s] the business and affairs of Defendants Blue Rock and/or ESPRO and they use their limited company forms for their own personal benefit and to avoid creditors and personal liability for their own wrongdoings (Complaint, ¶ 8);
- Defendants Blue Rock and ESPRO are not adequately capitalized for the business they conduct and it would sanction a fraud and promote injustice to recognize the legal separateness of Defendants Seevnaryan on the one hand and Defendants Blue Rock and/or ESPRO on the other, respecting the matters alleged in this Complaint (Complaint, ¶ 9);
- Defendants Seevnaryan use the purported limited company funds and assets of Defendants Blue Rock and ESPRO as their own and they commingle the assets of Defendants Blue Rock and ESPRO with each other and the individual defendants (Complaint, ¶ 10);
- Defendant Seevnaryan commingles the funds, assets, distributors, and employees of Defendants Blue Rock and ESPRO with each other (*Id.*);
- Defendants are the alter egos of each other and/or are liable to Plaintiffs under the single enterprise doctrine. The companies are participating in a common business venture. The companies sell the same products.

> The companies have common owners and employees. The companies share business locations, telephone numbers, a website and email systems. Each company is merely the instrumentality, agency, conduit or adjunct of the others. There is such a unity of interest and ownership between the defendant companies and their individual defendants that their separate personalities have ceased to exist. Further, if the acts of any one of the companies are treated as those of that company alone, an inequitable result will follow (Complaint, ¶ 12);

### A. **Plaintiff Has Sufficiently Alleged a Unity of Interest.**

Plaintiffs have sufficiently alleged the first element of an alter ego claim. When assessing whether there is unity of interest between a corporation and an individual, courts consider, among other factors:

> "[T]he commingling of funds and other assets; the failure to segregate funds of the individual and the corporation; the unauthorized diversion of corporate funds to other than corporate purposes; the treatment by an individual of corporate assets as his own; the failure to seek authority to issue stock or issue stock under existing authorization; the representation by an individual that he is personally liable for corporate debts; the failure to maintain adequate corporate minutes or records; the intermingling of the individual and corporate records; the ownership of all the stock by a single individual or family; the domination or control of the corporation by the stockholders; the use of a single address for the individual and the corporation; the inadequacy of the corporation's capitalization; the use of the corporation as a mere conduit for an individual's business; the concealment of the ownership of the corporation; the disregard of formalities and the failure to maintain arm's-length transactions with the corporation; and the attempts to segregate liabilities to the corporation."

(*Digby Adler Grp. LLC v. Image Rent a Car, Inc.*, 79 F.Supp.3d 1095, 1106–07 (N.D. Cal. Feb. 6, 2015) (citations omitted).

Some courts have held that a plaintiff need only plead two or three of these factors to adequately plead unity of interest. (*Daewoo Elecs. Am. Inc. v. Opta Corp.*, No. C 13-1247 JSW, 2013 WL 3877596, at *5 (N.D. Cal.) and *Pac. Mar. Freight, Inc. v. Foster*, WL 3339432, at *6 (S.D. Cal.) (citing authority holding that the identification of unity of interest plus two or three factors was adequate)). Here, the Complaint has alleged at least ten of these factors.

635722.1

-9-

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES

### B. Plaintiff Has Sufficiently Alleged An Inequitable Result If the Alter Ego Claim Were Not Recognized.

Plaintiffs have sufficiently alleged the first element of an alter ego claim. California courts generally require evidence of some bad-faith conduct to fulfill the second prong of alter ego liability, [and] that bad faith must make it inequitable to recognize the corporate form." *Smith v. Simmons*, 638 F.Supp.2d 1180, 1192 (E.D. Cal. June 23, 2009). In *Johnson v. Serenity Transportation, Inc.*, No. 15-cv-02004-JSC, 2015 WL 6664834, at *6 (N.D. Cal. 2015), the court ruled that the Plaintiff had sufficiently stated an alter ego claim by alleging four factors of unity of interest along with bad faith.

Here, Plaintiffs have sufficiently alleged bad faith conduct by the Defendant Seevnaryan and the entity defendants which used their limited liability corporate forms for their own personal benefit and avoided creditors and personal liability for their own wrongdoings. Plaintiffs also allege that all the factors for alter ego liability create an inequitable result. (Complaint, ¶¶ 8, 12.)

## VI. LEAVE TO AMEND SHOULD BE GRANTED.

Should the Court find any of Plaintiffs' claims insufficiently pleaded, Plaintiffs respectfully request that the Court grant leave to amend. *See Breier v. Northern Cal. Bowling Proprietors 'Assn*, 316 F.2d 787, 789-90 (9th Cir. 1963) (if the underlying facts or circumstances may be a proper subject of relief for the plaintiff, it should be given the opportunity to present its claims on the merits); *Alexander v. Pacific Maritime Assn*, 314 F.2d 690 (leave to amend should be granted unless the complaint "cannot under any conceivable state of facts be amended to state a claim.").

## VII. CONCLUSION.

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' 12(b)(6) motion.

| | | |
|---|---|---|
| 1 | Dated: May 16, 2016 | BROWNE GEORGE ROSS LLP<br>Peter W. Ross<br>Elena Nutenko |
| 2 | | |
| 3 | | MICHAEL J. PERRY, A PROF. CORP.<br>Michael J. Perry |
| 4 | | |
| 5 | | By      /s/ Michael J. Perry       |
| 6 | | Attorneys for Plaintiffs<br>United Medical Devices, LLC and<br>United Convenience Supply LLC |

635722.1

-11-