BROWNE GEORGE ROSS LLP
Peter W. Ross (State Bar No. 109741)
 pross@bgrfirm.com
Elena Nutenko (State Bar No. 289708)
 enutenko@bgrfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Michael J. Perry, Esq. (State Bar No. 123214)
A Professional Law Corporation
4640 Admiralty Way, Suite 500
Marina del Rey, California 90292
Tel: 310.496.4710
Fax: 310.306.3456
Email: mjp@michaeljperrylaw.com

Attorneys for Plaintiffs
United Medical Devices, LLC and
United Convenience Supply LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED MEDICAL DEVICES, LLC, a California limited liability company, UNITED CONVENIENCE SUPPLY LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>BLUE ROCK CAPITAL, LTD., a Mauritius Liability Company; ESPRO INVESTMENTS, LTD., a Mauritius Limited Liability Company; PRASANTH SEEVNARYAN, an individual; and DOES 1-50, Inclusive,<br><br>Defendants. | Case No. 2:16-cv-01255-PSG-SSx<br><br>Assigned to Hon. Philip S. Gutierrez<br><br>Magistrate Judge Suzanne H. Segal<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT PRASANTH SEEVANRYAN'S MOTION TO QUASH SUMMONS AND DISMISS COMPLAINT PURSUANT TO FRCP 4(F) AND 12(B)(4); DECLARATION OF MICHAEL J. PERRY AND DECLARATION OF NICHOLAI ALLEN IN SUPPORT**<br><br>Hearing:<br>Date:      June 6, 2016<br>Time:      1:30 p.m.<br>Crtrm.:    880 |

635666.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On September 16, 2015, Plaintiffs United Medical Devices, LLC ("UMD") and United Convenience Supply, LLC ("UCS") (collectively, "Plaintiffs") filed this action against defendants Blue Rock Capital, LTD. ("Blue Rock"), Espro Investments, LTD. ("Espro"), and Prasanth Seevnaryan ("Defendant Seevnaryan") (collectively, "Defendants") in Los Angeles Superior Court. Plaintiffs alleged that Defendants had breached the parties' written agreement.

Defendants Blue Rock and Espro (collectively, the "Entity Defendants") were served on January 4, 2016 and, per the parties' written agreement, service was deemed complete on January 14, 2016. <u>Defendant Seevnaryan has not been served.</u> Because Defendant Seevnaryan has not been served, his Motion to Quash Summons and Dismiss is improper and should be denied.

## II. RELEVANT BACKGROUND

### A. The Parties

Plaintiffs UMD and UCS are both limited liability companies, duly organized and existing under the laws of California, with their principal place of business in Los Angeles, California. Both companies hold licenses from third-party Playboy Enterprises International, Inc. ("Playboy Enterprises") to manufacture, market and sell certain products under the Playboy trademark.

Defendants Blue Rock and Espro both purport to be Mauritius Limited Companies, with their principal place of business in the country of Mauritius.

Defendant Seevnaryan resides in South Africa. He is a director of the Entity Defendants and negotiated and entered into a distribution agreement with Plaintiffs on behalf of the Entity Defendants. He exchanged approximately 1,000 emails with Plaintiffs, who are located in Los Angeles. Defendant Seevnarayan also participated in at least 36 telephone calls with Plaintiffs. (Declaration of Nicholai Allen ("Allen Decl."), ¶ 2). By Defendants own admission, the Entity Defendants are owned and

635666.1

controlled by Defendant Seevnarayan. (Allen Decl., ¶ 3, Ex. 9.) In addition, Defendant Seevnarayan travelled to Los Angeles approximately three times to meet with UMD and UCD employees. (Allen Decl., ¶ 4)

### B. The Contract

On or about April 1, 2014, Plaintiffs and the Entity Defendants signed a written, ten-year distribution agreement for the distribution and sale of various products. (Declaration of Michael J. Perry ("Perry Decl."), ¶ 2, Ex. 1.) Under the terms of the Distribution Agreement, the Entity Defendants agreed to purchase certain amounts of products from the Plaintiffs (the "Conditions"). (*Id.*)

The Distribution Agreement provides that the Entity Defendants "waive personal service of process upon [the Entity Defendants]. [The Entity Defendants] consent that all service of process may be made on [the Entity Defendants] by any method allowed by California law or by first class mail, FedEx or by email; service of process of a summons in the aforementioned manner shall be deemed complete on the 10th day after mailing." (Perry Decl., ¶ 2, Ex. 1.)

Defendants thereafter breached the Distribution Agreement by failing to satisfy the Conditions. On September 11, 2015, Plaintiffs provided written notice to Defendants that their failure to perform the Conditions constituted a breach of the Distribution Agreement. (Perry Decl., ¶ 3.)

### C. The California Action

On September 16, 2015, Plaintiffs filed this action against the Defendants in Los Angeles Superior Court alleging that Defendants had breached the Distribution Agreement and that Defendant Seevnaryan and the Entity Defendants are alter egos of each other. (Perry Decl., ¶ 4, Ex. 2.)

/ / /
/ / /
/ / /
/ / /

### 1. Defendants Blue Rock and Espro are Served on January 14, 2016[1].

On January 4, 2016, Plaintiffs served the Defendants with the Summons and Complaint via the following methods, as authorized by the Distribution Agreement (Perry Decl., ¶ 2, Ex. 1): (1) an e-mail sent to Defendant Seevnaryan's email address, prasanth@lylax.com[2] ; and (2) regular mail. (Perry Decl., ¶ 5, Exs. 3,4.) Plaintiffs thereafter filed the proof of service verifying service on the Entity Defendants. (*Id.*, Ex. 5)

Pursuant to the terms of the Distribution Agreement, which states "service of process of a summons shall be deemed complete on the 10th day after mailing", service on the Entity Defendants was deemed complete 10 days later on January 14, 2016. (Perry Decl., ¶ 2, Ex. 1.)

On February 2, 2016, counsel for the Defendants requested additional time to respond to the Complaint on behalf of the Entity Defendants. (Perry Decl., ¶ 6, Ex. 6.) Plaintiffs' counsel granted the extension to the Entity Defendants. (*Id.*)

On February 5, 2016, Defendants' counsel filed a stipulation and proposed order with the Los Angeles Superior Court regarding same. (Perry Decl., ¶ 7, Ex. 7)[3] The order was signed by the Court on February 22, 2016. (*Id.*)

///
///

---

[1] The Entity Defendants do not contest the validity of service upon them nor do they contest personal jurisdiction.

[2] Plaintiffs sent the Summons and Complaint to Defendant Seevnaryan via email a second time on February 2, 2016. (Perry Decl., ¶ 5, Ex. 4.)

[3] The stipulation filed by counsel for the Entity Defendants states "Plaintiffs also claim that the summons and complaint was served on the individual defendant Seevnaryan on February 2, 2016." Thereafter, Plaintiffs' counsel acknowledged to Defendants' counsel, in both an email and telephone call, that Plaintiffs' counsel had been mistaken in this belief and that Defendant Seevnaryan was not properly served on February 2, 2016 or at any time thereafter. (Perry Decl., ¶¶ 8,9, Ex.8.)

### 2. **Defendant Seevnarayan Was Never Served With the Summons and Complaint.**

Plaintiffs did not properly serve Defendant Seevnaryan.[4] Under both California and federal law, Plaintiffs did not effectuate valid service on him and, consequently, never filed a proof of service. See Fed. R. Civ. P. Rule 4(f); Cal. Code of Civ. P. § 413.10(c). Defendants' counsel was notified of this fact no later than February 23, 2016, both by email and then during a telephonic meet and confer in connection with Defendants' motion to dismiss. (Perry Decl., ¶¶ 8,9, Ex.8.)

### III. **THERE IS NO BASIS TO QUASH A NON-SERVICE OF SUMMONS AND COMPLAINT AS TO DEFENDANT SEEVNARYAN SINCE ALL PARTIES AGREE HE HAS NOT BEEN SERVED.**

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Federal Rule of Civil Procedure 4." *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir.2009).

The motion to quash service filed by Defendant Seevnaryan is frivolous. Here, all parties admit that Defendant Seevnaryan has not been served with the Summons and Complaint. Therefore, there is no basis for Defendant Seevnaryan to file his motion. This court lacks jurisdiction over Defendant Seevnaryan to make any ruling, including quashing a nonexistent service of summons and complaint on him.

///

///

---

[4] Defendants do not dispute that Defendant Seevnaryan was not properly served. (Dkt. # 12-1, Defendants' Memorandum of Points and Authorities in Support of Motion to Quash Service of Summons and Complaint, Section II.A ("The Purported Service on Defendant Seevnaryan is Defective").)

## IV. THERE IS NO BASIS TO FOR THIS COURT TO DISMISS DEFENDANT SEEVNARYAN ON PERSONAL JURISDICTION GROUNDS SINCE ALL PARTIES ADMIT HE HAS NOT BEEN SERVED WITH THE SUMMONS AND COMPLAINT.

For the reasons set forth in the immediate preceding section, there is no basis for this court to rule on personal jurisdiction, since Defendant Seevnaryan has not been served with the Summons and Complaint. This issue is premature at this time.

## V. ALTERNATIVELY, DEFENDANT SEEVNARAYAN HAS CONSENTED TO THE JURISDICTION OF THIS COURT BY VOLUNTARILY APPEARING IN THIS ACTION.

"[B]ecause the personal jurisdiction requirement is a waivable right, there are a 'variety of legal arrangements' by which a litigant may give 'express or implied consent to the personal jurisdiction of the court.'" *Burger King v. Rudzewicz*, 105 S. Ct. 2174, 2182 (1985); *see also Dow Chem. Co. v. Calderon*, 422 F.3d 827, 831 (9th Cir. 2005).

A person may consent to personal jurisdiction expressly or by implication regardless of the existence of the power to serve process. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 102 S. Ct. 2099, 2104–05 (1982).

A party may waive any jurisdictional objections if its conduct does "not reflect a continuing objection to the power of the court to act over the defendant's person." *Alger v. Hayes*, 452 F.2d 841, 844 (8th Cir.1972).

Here, there was absolutely no obligation for Defendant Seevnarayan to file any motion with this court; it was clearly admitted by all parties that he was not served. Indeed, there is no basis for him to file a motion to quash or motion to dismiss. Nevertheless, Defendant Seevnaryan did just that. This conduct does not reflect a continuing objection by said defendant to the power of the court to act over his person.

## VI. EVEN IF THIS COURT WILL RULE ON DEFENDANT SEEVNARAYAN'S MOTION TO DISMISS, THERE ARE SUFFICIENT CONTACTS WITH CALIFORNIA BECAUSE HE IS THE ALTER EGO OF THE ENTITY DEFENDANTS.

The contacts of the Entity Defendants may be imputed to Defendant Seevenarayan under an alter ego theory. To prove personal jurisdiction on this basis, a plaintiff must ultimately show "(1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice." *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir.2001) (quoting *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir.1996); *see also Patin v. Thoroughbred Power Boats, Inc.*, 294 F.3d 640, 654 (5th Cir. 2002).

In *Geanacopulos v. Narconon Fresh Start*, the court denied the alleged alter ego's motion to dismiss for lack of personal jurisdiction, because it held that Plaintiff sufficiently alleged an alter ego claim against that defendant. 39 F. Supp. 3d 1127, 1133 (D. Nev. 2014). In that case, the plaintiffs' complaint alleged the following:

> 54. Defendants Narconon Fresh Start and [Narconon International] have all appearances of being a corporate sham illusion and mere instrumentalities of Defendant ABLE.
>
> 55. ABLE heavily influences Narconon Fresh Start and [Narconon International] and governs and controls nearly every aspect of their business activities.
>
> 56. There is such unity of interest and ownership among Narconon FreshStart, [Narconon International], and ABLE that they are inseparable from one another.
>
> 57. The separate corporate existences of Narconon Fresh Start, [Narconon International], and ABLE is [sic] a design or scheme to perpetrate a fraud ... to recruit for and promote the Scientology religion.

The Court ruled that these allegations must be taken as true for purposes of the motion and since they were plausible, they were sufficient to preclude dismissal for lack of personal jurisdiction. *Id.* at 1133. Here, Plaintiffs' alter ego allegations are no less sufficient. They are addressed in detail

635666.1
-6-

In addition to the foregoing, Defendants' own documents show that Defendant Seevnarayan owns or controls the Entity Defendants as well as Megacor Investments (formerly known as the Luxury Condom Company)[5]. (Allen Decl., ¶ 3, Ex. 9.) Additionally, the Entity Defendants did not pay their own invoices from UMD and UCS. Instead, the invoices were paid by other entities owned and/or controlled by Defendant Seevnarayan.

Of two invoices sent by UMD to Defendant Espro, both were paid by the Luxury Condom Company. (Allen Decl., ¶ 5.) Of seven invoices UMD sent to Defendant Blue Rock, almost all were paid by Megacor Investments, except for part of one invoice which was paid by Defendant Espro. (*Id.*)

Of the two invoices sent by UCS to Defendant Espro, both were paid by the Luxury Condom Company. (Allen Decl., ¶ 6.) At Defendants' request, the remaining four invoices from UCS to the Entity Defendants were sent to Megacor Investments, and the Luxury Condom Company paid these invoices. (*Id.*) Finally, a license fee to UCS for right to distribute the UCS products in India was paid directly by Defendant Seevnarayan to UCS. (*Id.*)

The remaining allegations of alter ego are addressed in Plaintiffs' concurrently-filed Opposition to Defendants' 12(b)(6) Motion to Dismiss for Failure to State Claims (Dkt. #26) and they are incorporated herein by this reference.

## VII. IN THE EVENT MORE ALTER EGO EVIDENCE MUST BE ALLEGED, PLAINTIFFS REQUEST JURISDICTIONAL DISCOVERY.

In the event the Court is inclined to grant the dismissal of Defendant Seevenarayan, jurisdictional discovery is requested to show additional facts regarding the alter ego relationship between Defendant Seevnarayan and the Entity Defendants.

---

[5] This chart was sent by Defendants in response to Plaintiffs' email requesting an explanation of "who owns what."

## VIII. LEAVE TO AMEND SHOULD BE GRANTED.

Should the Court find any of Plaintiffs' claims insufficiently pleaded, Plaintiffs respectfully request that the Court grant leave to amend. *See Breier v. Northern Cal. Bowling Proprietors 'Assn*, 316 F.2d 787, 789-90 (9th Cir. 1963) (if the underlying facts or circumstances may be a proper subject of relief for the plaintiff, it should be given the opportunity to present its claims on the merits); *Alexander v. Pacific Maritime Assn*, 314 F.2d 690 (leave to amend should be granted unless the complaint "cannot under any conceivable state of facts be amended to state a claim.").

## IX. CONCLUSION.

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant Seevenarayan's Motion to Quash and Dismiss. If the Court should disagree, however, Plaintiffs request that the Court grant leave to amend.

Dated: May 16, 2016

BROWNE GEORGE ROSS LLP
Peter W. Ross
Elena Nutenko

MICHAEL J. PERRY, A PROF. CORP.
Michael J. Perry

By      /s/ Michael J. Perry

Attorneys for Plaintiffs
United Medical Devices, LLC and
United Convenience Supply LLC